No. 183
McCAFFREY v. STATE
Ohio Supreme Court, No. 17342, July 5, 1922
This opinion has not been published except in Abstract.

CRIMINAL LAW—PERJURY—(1) Sufficiency of the averments of an indictment, under 13587 GC. and Constitution—(2) Competency of the judge as a witness—(3) Practice condemned though testimony merely formal and technical.

BY THE COURT:
Epitomized Opinion

Plaintiff McCaffrey was tried in the Cuyahoga Common Pleas for perjury in the case of the State v. McGannon, and was found guilty, and the Court of Appeals affirmed the conviction. Error is here prosecuted to reverse the judgment. The court held:

1. The question was raised as to the sufficiency of the indictment, under the bill of rights granting the party accused the right to know "the nature and cause of the accusation against him." The

## THE OHIO SUPREME COURT

opinion explains that to what limit the state must go in presenting this has never been determined with nicety and exactness; but it is sufficient that the essential elements of the offense shall be pleaded in the indictment and proved beyond a reasonable doubt at the trial.

Without stating what the omissions complained of were, the court decided that under the above constitutional privilege the false testimony was sufficiently set forth. That the avertments that it was knowingly false, and that it being in respect to a material matter in issue upon that trial, were sufficiently and properly set forth, and that McGannon could in no wise have been prejudiced by any omission that he complained of.

2. The trial judge, while sitting upon the bench was sworn as a witness and testified on the witness stand. No claim was made that incompetent or irrelevant testimony was given by such judge. It was claimed that he was not a competent witness, and the testimony so given was error. The testimony of the judge related merely to the fact that the McGannon trial, wherein it was alleged the perjury was committed, was held in Cleveland, Cuyahoga county. It was not claimed by the defense to be irrelevant or incompetent.

It was held that while in this case there was no prejudicial error affecting the substantial right of the defendant upon the record, the practice of a trial judge acting as a witness in a criminal case is dangerous and should not be encouraged, particularly in a criminal case, and the same rule should be observed as to the jury, the counsel and the officers in charge of the jury.

Attorneys—Wm. J. Corrigan, for McCaffrey; E. C. Stanton and Walter I. Krawson, for State.