JOYCE v. STATE.

Ohio Appeals, 9th Dist., Summit Co.

No. 170.    Decided Dec. 20, 1927.

First Publication of this Opinion.

Syllabus by Editorial Staff.

Judges of 9th District sitting by designation in place of Judges of Second District.

629.    INDICTMENT—1162.    Testimony— Where, in an indictment for perjury, there is an allegation that the testimony was material to the cause in which the testimony was given, it is not necessary to set out the facts which show how the testimony was material.

Error to Common Pleas.

Judgment affirmed.

Henry A. Williams, Columbus, and Gregg & Patton, Washington C. H., for Joyce.

W. S. Paxson, Pros. Atty. and R. H. Maddox, Asst. Pros., Washington C. H., for State.

FULL TEXT.

WASHBURN, PJ.

The record in this case discloses that Fred C. Joyce was indicted for the crime of perjury committed in a case in which Homer Hutson was being tried for forgery in the county of Fayette.

Joyce was convicted and prosecutes proceedings in error.

It is claimed that the court erred in not quashing the indictment, because it contained no averment of facts showing that the testimony of Joyce was material to the cause in which said testimony was given.

The indictment contains the allegation that the testimony given by Joyce was material, but does not set forth facts showing how the same was material. On this point we hold

(Continued on Page 64)

---

STATE v. BLAIR.

Ohio Appeals, 4th Dist., Pike Co.

Earl D. Parker, Morgantown, for State.

Edgar G. Millar, Portsmouth, and Levi B. Moore, Waverly, for Blair.

681.    JURISDICTION—465.    Error Proceedings—664.    Jeopardy—384.    Demurrer— 118.    Automobiles—629.    Indictments.

Ohio Appeals, 5th Dist., Knox Co.

Judges Ferneding and Allread of the 2nd Dist., sitting.

Barton W. Blair, Mt. Vernon, for Wilkins.

L. T. Cromley, Mt. Vernon, for Cochran.

883.    PARENT AND CHILD—1137a.    Support—949.    Presumptions.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Calfee, Fogg & White, Cleveland, for Yeast Co.

White, Cannon & Spieth, Cleveland, for Hague.

456. EMPLOYER AND EMPLOYE—297. Contracts.
SULLIVAN, PJ.

---

GRAY v. STATE ex PUTNAM,
Chief of Police.

Ohio Appeals, 4th Dist., Washington Co.

Strecker & Williamson and C. C. Middleswart, Marietta, for Gray.

R. M. Noll, F. C. Myers and C. F. Leeper, Marietta, for State ex.

801. MUNICIPAL LAW—865. Office and Officers—887. Parties.
MAUCK, J.

1. Executive department of municipal government is alone concerned with appointment and removal of chief of police, and must bear responsibility for chief's conduct.

2. That administrative officer or body first hears matter that is subsequently appealed to judicial tribunal does not prevent such officer or body from becoming actual party to proceeding on appeal in courts, but original administrative officer or body of necessity becomes party to appellate proceedings.

3. Where chief of police appealed from order of civil service commission affirming his removal from office by mayor, judgment of Common Pleas determining that chief of police was entitled to office and that no sufficient grounds existed for his removal impliedly required mayor to restore police chief to office and enjoined mayor from appointing another to fill office of chief· of police, and hence mayor in official capacity, had right to have judgment reviewed in Court of Appeals, by petition in error.

(Middleton, J., concurs. Sayre. PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

LANESE v. DUFF.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Buonpane & Buonpane, Cleveland, for Lanese.

George Palda, Cleveland, for Duff.

112. ATTACHMENT AND GARNISHMENT.
SULLIVAN, J.

Garnishee, disclosing indebtedness to judgment debtor, as evidenced by cognovit note not due at time of decree against garnishee in favor of judgment creditor, and assigned and paid by garnishee before it became due, was not liable to judgment creditor for amount of note.

(Levine, PJ., concurs. Vickery, J., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### KRAFT v. RECH.

Ohio Appeals, 9th Dist., Summit Co.

Rockwell & Grant, Akron, for Kraft.

Doolittle, Foust & Holden, Akron, for Rech.

**473. ESTATES—1271. Wills and Legacies.**

FUNK, J.

1. In Ohio estates vest at the death of the testator, in the absence of words in the will to the contrary.

2. Where the will is ambiguous, and there is doubt as to the particular time at which the estate shall vest, it will be construed to vest as of the earlier date.

3. When all parts of a will have been considered, and the intention then remains ambiguous, resort may be had to settled technical rules of construction for aid in arriving at a proper solution of the difficulty.

(Pardee, PJ.; and Washburn, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### McCLAIN v. LYON.

Ohio Appeals, 5th Dist., Morrow Co.

T. B. Mateer, Mt. Gilead, for McClain.

Barry & Wieland, Mt. Gilead, for Lyon.

**38. ADOPTION—681. Jurisdiction.**

HOUCK, J.

1. In proceeding involving validity of decree of adoption Court of Appeals must rely wholly on record before it.

2. Adoption proceedings are wholly statutory, and statutes must be clearly followed to give Probate Court jurisdiction to decree adoption.

3. Where Probate Court was without jurisdiction in first instance in adoption proceedings, in view of 8030 and 8030-1 GC., proceedings were not voidable but void.

(Shields and Lemmert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### MICHAEL v. PASSIONS.

Ohio Appeals, 6th Dist., Lucas Co.

Joseph G. Gluck, Toledo, for Michael.

L. W. Hunt and Conn & Holloway, Toledo, for Passions.

**708. LEASES—106. Assignments—1265. Weight of Evidence.**

RICHARDS, J.

1. Where evidence showed only that assignee of lessee took possession of premises and paid several months rent to lessor, finding that lessor accepted assignee as tenant and agreed to release lessee from liability on lease held against weight of evidence.

2. Mere assignment of lease by lessee, and consent to same by lessor, followed by acceptance of rent from assignee, does not release original tenant from liability on lease for rent.

(Culbert and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### McKENZIE v. INDUSTRIAL COMM.

Ohio Appeals, 2nd Dist., Franklin Co.

Houck and Shields, JJ., of the 5th Dist., and Young, J., of the 6th Dist., sitting.

David Peiros, Columbus, for McKenzie.

John R. King and R. E. Hughes, Columbus, for Commission.

**465. ERROR PROCEEDINGS—1283. Workmen's Compensation.**

HOUCK, J.

1. Whether trial court committed prejudicial error in sustaining defendant's motion for directed verdict, in action for workmen's compensation, must be determined by Court of Appeals, on testimony contained in transcript offered in trial.

2. Where employee of city was struck by automobile while on way to work within three blocks of place of employment and within half hour of commencing work, resulting injury was not sustained in course of, and did not arise out of, employment.

3. Finding that injury was sustained in course of or arose out of employment must be proved or admitted before claimant would have right to compensation.

(Shields and Young, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

### WARD v. SWARTZ et.

Ohio Appeals, 6th Dist., Sandusky Co.

Parkhurst & Vickery, Bellevue, and Harry E. Garn, Fremont, for Ward.

Smith, Baker, Effler & Eastman, Toledo, for Swartz.

**941. PRACTICE & PROCEDURE—1104. Statutes—860. Obiter Dictum.**

WILLIAMS, J.

1. By virtue of 26 GC., the amendment of Section 6308 by 110 Ohio Laws, 407, Section 1, permitting actions for automobile injuries to persons to be brought in the county where injury occurred, applies to all actions brought after effective date of amendment, regardless of time cause of action arose, since amendment applies only to the remedy.

2. Provision of Sect. 6308 GC. as amended by 110 Ohio Laws, 407, Section 1, permitting all actions for automobile injuries to persons to be brought in county where injury occurred, regardless of defendant's residence, is a venue statute and only remedial, hence does not affect the cause of action.

3. Where obiter dictum of a Supreme Court opinion is carried into the syllabus, such action shows court's intention to declare it a rule of law.

(Richards and Lloyd, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

# STATE SUPREME COURT

## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

20921—Samuel Jones v. Swetland Co. Motion . for Cuyahoga Appeals to certify. Stanley & Horwitz and I. E. Mathews, Cleveland, for pltff; Thompson, Hine & Flory, Cleveland, for deft.

20922—Fidelity & Deposit Co. of Maryland v. Garrett C. Claypool and John P. Phillips, Jr., as Adminstrators. Motion for Ross Appeals to certify. E. B. Cameron, Cincinnati, and G. B. Bitzer, Chillicothe, for pltff; G. C. Claypool, John Phillips, Chillicothe, for deft.

20923—Cleveland Railway Co. v. Matthew A. MacGilfrey. Motion for Cuyahoga Appeals to certify. Squire, Saunders & Dempsey, Cleveland, for pltff; Payer, Minshall, Karch & Kerr, Cleveland, for deft.

20924—Katharine K. McKee v. William Grief. Error to the Court of Appeals of Cuyahoga county. Motion for Cuyahoga Appeals to certify. Snyder, Thompson & Seagrave and Erskine, Palmer & Curl, Cleveland, for pltff; J. A. Cline and J. M. McSweeney, Cleveland, for defts.

## SYLLABI

### GLASS COATING CO. v. CLARK.

Ohio Supreme Court.

No. 19922. Decided Jan. 18, 1928.

Error to Cuyahoga Appeals.

Judgment reversed and Common Pleas affirmed.

313. CORPORATIONS—Where sufficient subscriptions to capital of a proposed corporation are secured, and no reasonable delay in its formation occurs, other than caused by delay of the Federal government, and after securing its approval, corporation files its articles of incorporation; and the preliminary organization is completed according to the subscription agreement, it is too late for a subscriber to withdraw his subscription.

JONES, J.

On June 1, 1917, Clark with forty others signed an agreement to subscribe for stock in a proposed corporation, the agreement reciting that such subscriptions should "become conclusive and binding upon the subscribers hereto" when subscriptions aggregating $150,000 par value had been secured. Subscriptions in excess of that amount were secured. No delay in the formation of the corporation occurred, other than that caused by the Capital Issues Committee of the Federal Government. After securing the approval of the Federal

authorities, articles of incorporation were filed with the secretary of state, with a nominal capital, on August 13, 1918, and, with the approval of the Federal authorities, an increase of capital in compliance with the subscription agreement was also filed with the secretary of state on September 4, 1918. On August 20, 1918, (and presumably before receiving Clark's letter of that date withdrawing his subscription) the incorporators appointed one of their number to receive the 10% installment on stock subscribed. Clark refused to pay the same.

HELD: 1. That, under the provisions of the Ohio Code, the corporation was organized to the extent of accepting the stockholders' subscriptions and of making calls for 10% thereof. The right of withdrawal claimed under his letter of August 20th was exercised too late.

2. In view of the circumstances then existing, there was no unreasonable delay in the corporate organization on the part of its promoters. The delay was caused wholly by the Federal Government. Clark, by failing meanwhile to withdraw from his subscription agreement, cannot assert that right after the preliminary organization of the corporation has been effected in compliance with the state law and Federal regulations.

(Marshall, CJ., Day, Allen, Kinkade, Robinson and Matthias, JJ., concur.)

### DAVIS v. STATE.

Ohio Supreme Court.

No. 20569. Decided Jan. 18, 1928.

Error to Cuyahoga Appeals.

Judgment affirmed.

552. FORTUNE TELLING—
1. Sec. 13145 GC., penalizing, not unconstitutional.

2. A fortune teller is one who pretends to a knowledge of futurity and foretel's events of one's life.

3. This section not invalid because fortune telling not specifically defined therein.

4. To constitute an offense, person need not hold himself out as one, to more than one person.

5. Not a defense that accused is a member of a religious society, and that the alleged representations were a part of offender's religious belief.

291. CONSTITUTIONAL LAW—Constitutional guarantee of liberty of speech, does not deprive state of its police power to pass laws for public safety, morals, and general welfare.

MARSHALL, CJ.

1. Section 13145, General Code, prohibiting and penalizing fortune-telling does not violate either Section 1 or 2 of Article 1 of the Ohio

Constitution or Section 1 of the 14th Federal Amendment.

2. A fortune-teller is one who pretends to a knowledge of futurity and foretells the events of one's life. Section 13145, General Code, is not rendered invalid by the term fortune-telling not having been specifically defined.

3. The constitutional guaranty of liberty of speech does not deprive the state of its police power to enact laws for the protection of the public safety and morals and the protection of the general welfare.

4. In order to constitute an offense against Section 13145, General Code, it is not necessary that a person should hold himself out as a fortune-eeller to more than one person.

5. It is not a defense to a prosecution under Section 13145, General Code, that the accused is a member of a religious society and that the representations made alleged to constitute the offense was a part of the religious belief of the alleged offender.

(Day, Allen, Kinkade and Jones, JJ., concur.)

---

TAX COMMISSION v. PAXSON, Admr. et.

Ohio Supreme Court.

No. 20672. Decided Jan. 18, 1928.

Error to Fayette Appeals.

Rev. in pt.; aff. in pt.

**635. INHERITANCE TAXES**—Succession to property devised to trustees for charitable purposes, making trustees sole judge as to who should be beneficiaries of the fund; is not exempt from inheritance tax under 5334 GC.
ALLEN, J.

A testator devised a trust fund to certain trustees and their successors for charitable purposes, directing that the trustees and their successors should "be the sole judges as to the persons qualified and entitled to have the benefits of said fund, and the purposes for which said expenditures shall be made, within the general spirit of the purposes for which this bequest is made." Held, that the succession to such property is not exempt from the inheritance tax under Section 5334, General Code.

(Marshall, CJ., Robinson, Jones and Matthias, JJ., concur.)

---

COLUMBUS & ZANES. TRANSP. CO.
v. P. U. C.

Ohio Supreme Court.

No. 20728. Decided Jan. 18, 1928.

**793. MOTOR VEHICLES.**—Misrepresentation, by persons desiring to operate a bus line, as to incorporation and capital stock, in statements as to their proceedings to obtain a certificate of public convenience, justify the Public Utilities Commission in refusing such commission or in recalling and cancelling it if one has been issued.

Error to the P. U. C.
Order affirmed.
KINKADE, J.
When an association of individuals desires
(Continued on Page 50)

---

MULLINS et v. WEBB et.

Ohio Appeals, 4th Dist., Scioto Co.

B. F. Kimble, Portsmouth, for Mullins.

Blair & Blair, Portsmouth, and Corn & Jenkins, Ironton, for Webb.

**85. APPEALS—70. Amendments.**
MAUCK, J.

1. Appeal bond, filed after period prescribed by Section 12226 GC. is wholly ineffective.

2. Power to amend any process by adding or striking names of parties or correcting mistake, granted court under 11363 GC. is to be exercised liberally.

3. Where time is of essence of an act, court cannot by amendment avoid effect of statute prescribing time limit.

4. Appeal bond is based on consideration that it stays right to immediately realize on judgment, and, where filed long before decree was entered in violation of 12226 GC. it is void, and court cannot, under 11363 GC. permit defendants to change, renew, or give new bond, or substitute a different date for filing so as to bring bond within statutory period for filing bond.

(Middleton, J., concurs. Sayre, PJ., not participating.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

POWERS v. MALAVAZOS.

Ohio Appeals, 4th Dist., Scioto Co.

W. J. Meyer and Geo. M. Osborn, Portsmouth, for Powers.

A. H. Bannon and E. G. Millar, Portsmouth, for Malavazos.

**45. ADVERSE POSSESSION.**

MIDDLETON, J.

1. Deed purporting to grant land to which the grantor had no legal title held to give the grantee "color of title" for purpose of securing adverse possession of entire tract by actual possession of part of tract purported to have been granted.

2. One not having color of title to real estate may acquire title by adverse possession, only to that part of the real estate of which he was in actual possession.

3. Where a person has color of title to a tract of real estate, actual possession of a portion of the tract is, for the purpose of adverse possession, constructively extended to take entire tract unless the other party shows an adverse possession in him.

4. Ordinarily the possession of a tenant is possession of his landlord.

5. Where for 21 years there is a continuous and successive adverse possession of successive occupants of land between whom there is a privity, such possession will ripen into title.

6. Adverse possession may be made or continued by a landlord or by his tenant for him.

(Mauck, J., concurs. Sayre, PJ., not participating.)

For reference to full opinions, see Omnibus Index, last page, this issue.

FRANK v. CORCORAN et.

Ohio Appeals, 6th Dist., Lucas Co.

Smith, Baker, Effler & Eastman, Toledo, for Frank.

F. A. Carabin and George S. Moss, Toledo, for Corcoran.

**480. EVIDENCE.**

YOUNG, J.

1. In action for injuries growing out of automobile collision, admission of testimony with reference to whether or not defendant carried liability insurance is erroneous.

2. Rule excluding testimony with reference to whether defendant in action for injuries from automobile collision carried liability insurance must not be applied to render conversations incompetent for sole reason that parties discussed liability insurance.

3. In action for injuries from automobile collision, admission of conversations and statements made by parties at time of collision, containing reference to whether defendant carried liability insurance, held not prejudicial to defendant.

(Richards and Williams, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

HODNICKI v. PERE MARQUETTE RY. CO.

Ohio Appeals, 6th Dist., Lucas Co.

Calkins, Storey & Nye, Toledo, for Hodnicki.

Tyler, McMahon & Smith, Toledo, for Ry. Co.

**458. EMPLOYER'S LIABILITY — 1235. Verdicts.**

YOUNG, J.

1. In action under federal Employer's Liability Act (Title 45 Section 51 et sez., U. S. C.) defense of assumed risk is an affirmative defense which must be especially pleaded by defendant and supported by evidence.

2. In action under federal Employer's Liability Act by employees against railroad involving issues of negligence, contributory negligence, and assumption of risk, general verdict for railroad, without further finding, must be affirmed, though court erred in charging on one of issues presented.

(Richards and Williams, JJ., concur.)

For reference to full case, see Omnibus Index, last page, this issue.

---

PECK v. CHATFIELD.

Ohio Appeals, 1st Dist., Hamilton Co.

Peck, Shaffer & Williams and Frank H. Shaffer, J., Cincinnati, for Peck.

Powell, Crosley, Clark & McCauley and Dinsmore, Shohl & Sawyer, Cincinnati, for Chatfield.

**1271. WILLS AND LEGACIES—127. Bankruptcy—294a. Contingent Remainders—1237. Vested Rights.**

CUSHING, J.

1. Devise to trustee, with power to sell and use income and principal for support of servant for life, then to testatrix's daughter, for life and on her death to her son, on his attaining majority, conveyed only contingent remainder to son, which did not pass to trustee on son's adjudication in bankruptcy prior to death of his mother under Bankruptcy Act, Section 70, subd. (a) cl. 5 (Barnes' Fed. Code Section 9154, U. S. Comp. St. Section 9654) and Section 11655 GC.

2. If contingency to interest taken under will is attached to thing, or right given, or the person to take, the interest is contingent; if it is attached to the time when the thing or right is to be enjoyed, it is vested; the contingency referring merely to the payment or division.

3. Where testator intends land to be divided at death of person named among such persons as come within class, remaindermen are to be ascertained at death of person named, and remainder is contingent.

(Buchwalter, PJ., and Hamilton, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

WEBER v. HERMAN.

Ohio Appeals, 6th Dist., Lucas Co.

Calkins, Storey & Nye, Toledo, for Weber.

Harold Kehoe and Ralph Emery, Toledo, for Herman.

**54. AGENCY—118. Automobiles — 751. Master and Servant—829. Negligence.**

RICHARDS, J.

1. In action for injuries to plaintiff struck by automobile owned by defendant and being driven by his cousin, evidence showing that defendant instructed cousin living with him to take car from garage to home, that cousin did so, and then started elsewhere to call for defendant's mother at defendant's authority and as his agent sufficient to hold defendant liable for injuries.

2. Where cousin of owner of automobile, driving automobile, took detour on errand of his own of mile and half from direct route in calling for owner's mother, who was permitted to use car, owner would not be liable for injuries by cousin while driving along detour.

3. Liability of owner of automobile for injuries while driven by another cannot arise out of family relationship only, but can only arise out of relationship of master and servant, or principal and agent.

4. In action for injuries to plaintiff struck by automobile, owned by defendant and being driven by his cousin, evidence showing that cousin occasionally drove other cars, some of which belonged to defendant, did not tend to show that on occasion of injury he was operating defendant's car as his agent or servant.

(Williams and Lloyd, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

# THE OMNIBUS INDEX

★These Cases will appear in the Official Volumes, as indicated, with slight changes in the paging.

Cleveland Ry. Co. v. MacGilfrey. Dock. 6 Abs. 61; No. 20923.

Conley, In Re. OA. 4 Abs. 795; 25 Oh. Ap. 201★.

Fidelity & Deposit Co. v. Claypool et. Dock. 6 Abs. 11; No. 20922.

Frank v. Cocoran et. OA. 6 Abs. 63; 25 Oh. Ap. 150★.

(Continued from Page 58)
that in an indictment for perjury, where there is an allegation that the testimony was material to the cause in which the testimony was given, it is not necessary to set out in the indictment such facts as will show how the testimony was material. (G. C. Sec. 11581; McCaffrey v. State, 105 OS. 508, at p. 509.)

Some complaint is also made in reference to the charge of the court; but without setting forth the details in reference thereto, we deem it sufficient to say that, as applied to the facts shown by the record in this case, we find no prejudicial error in the charge of the court.

It is also claimed that the court erred in the admission and rejection of certain evidence.

We have carefully examined the record, and find no error in that respect of any moment whatever, except that the court permitted one Schumaker, who conspired with Joyce to commit perjury in said case, to testify as to certain statements made by one Badger, who was also one of the conspirators, which statements were concerning Joyce's connection with such conspiracy and were not made in the presence of Joyce, and related to acts of Joyce before Schumaker joined in the conspiracy.

The state claimed, and offered evidence tending to prove, that on the day before the beginning of the trial of Homer Hutson, his lawyer, D. C. Badger, made arrangements with Joyce and Schumaker to go with Badger in an automobile from Columbus to Washington Court House and be in attendance upon said trial; that on the way there, Badger instructed Joyce and Schumaker what he wanted them to testify to in the case, and that they agreed to do so, although what they were to testify to was known by all three of them to be absolutely false in every particular; that Joyce and Schumker were sworn as witnesses and testified as they agreed to do; that because of Schumaker's later confession of said transactions, Badger committed suicide.

Schumaker was permitted to testify that when Badger asked him to go to Washington Court House and give false testimony in the Hutson case, Badger stated that Joyce had already agreed to do so and was to be paid $50 therefor.

This we held to be error. Where a conspiracy is prima facie proven, acts and declarations of one of the conspirators, made in carrying out the conspiracy, are competent evidence against other conspirators; but when this evidence was admitted, there was no evidence (outside of those declarations) that a conspiracy existed at the time said declarations were made; there was evidence that Schumaker was himself entering into or contemplating entering into a conspiracy and that later he and Joyce did fully enter into it and carry it out, but outside of the declaration in question there was no evidence that Joyce was then connected with it, and such declarations were not competent to prove the conspiracy or connect Joyce therewith.

However, the evidence of Joyce's later connection with and participation in said conspiracy is so overwhelming and compelling as to make it our duty to hold that said error was not prejudicial and does not warrant a reversal of the judgment in this case.

Regardless of what Badger told Schumaker Joyce was going to do, the evidence establishes to our full satisfaction that Joyce did in fact ride with Badger and Schumaker in the automobile to Washington Court House, and did agree to give evidence which he knew to be untrue, and that he carried out that agreement to the letter. A consideration of the whole record leaves us in no doubt whatever of the guilt of Joyce.

(Funk, J., and Pardee, J., concur.)