**STATE, Plaintiff-Appellee, v. JOSEPH, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4392. Decided June 14, 1950.

Ralph J. Bartlett, Pros. Atty., George T. Tarbutton, First Asst. Pros. Atty., Columbus, for plaintiff-appellee.

Herbert & Dombey, Paul M. Herbert, of Counsel, Columbus, Joseph L. Meenan, New Lexington, for defendant-appellant.

## OPINION

By HORNBECK, J.

The defendant was charged with subornation of perjury in an indictment of fourteen counts. At the conclusion of the evidence five of the counts were dismissed. The defendant was tried on the other nine counts, acquitted on six of them and convicted on three, the 9th, 10th, and the 14th. Motion for new trial having been submitted and overruled, defendant was sentenced to pay the costs of the prosecution and to be imprisoned in the Ohio Penitentiary until discharged according to law. The "three counts to be served consecutively."

Fourteen errors are assigned to the judgment and sentence, all of which we have carefully considered. We are satisfied to say, without discussion, that no one of them, unless it be Nos. 4 or 8, is supported upon the record. Assignments of error Nos. 4 and 8 require elucidation. No. 4 is:

"There was not any evidence to support the verdict of the jury of guilty upon the three counts of the indictment upon which the jury found the defendant-appellant guilty."

The three counts under consideration in this appeal are the 9th, 10th, and the 14th. The 9th count of the indictment relates to the divorce case of Pearl Wehr v. Crumbley Wehr and, in so far as is pertinent to the inquiry here, charges, that "the defendant did * * * suborn said Pearl Wehr to commit perjury by testifying on oath lawfully administered as follows: that said Pearl Wehr was and had been for at least thirty days immediately preceding the filing of the petition in said cause aforesaid a bona fide resident of the said Franklin County, Ohio, said testimony being material to said cause and being false in the following respects: that said Pearl Wehr had not resided in Franklin County, Ohio, during any of the time so testified, * * *."

The charges in the 10th count involving the divorce case of Charles Wm. Bash v. Leanette Hazel Bash and in the 14th count involving the divorce action of Robert W. Mehl, Jr., v. Lillian B. Mehl are identical with that in the Wehr case except for the interposition of the name of Charles Wm. Bash in the 10th count and of Robert W. Mehl, Jr., in the 14th count.

Pearl Wehr, Charles Wm. Bash and Robert W. Mehl, Jr., all testified that they were not at the time of their divorce trials and had not been at any time prior thereto residents of

Franklin County. They also testified to facts from which it could be inferred that the defendant when he filed their petitions, and at the time of their trials, knew that they were not then and had not theretofore been residents of Franklin County and that he knew what had been done to present an indicia of bona fide residence in said county as required by the divorce statute.

Upon the specific charge in the indictment Pearl Wehr said that in her divorce action she "swore in the presence of Mr. Joseph that she had been a bona fide resident in Franklin County for 30 days preceding June 18," the petition being filed on June 21, 1948, and that "30 days before filing the petition she had a residence in Franklin County." This, in our judgment, was sufficient to establish that she had testified falsely in a material matter in her case and in the particulars set out in the 9th count of the indictment.

The testimony in the Bash and Mehl counts as to residence is not specific on the material question of residence. Mr. Bash said that in his divorce case he was asked how long he lived in Franklin County and he made the reply, "Thirty days." Manifestly this did not support the charge. He did not say when he lived in Franklin County for 30 days as related to the filing of his petition. As a matter of fact he did not define any 30 days when he lived in the county. Of course, Bash said nothing about his true residence at the time of the divorce hearing because upon the theory of the State it was his purpose and that of his counsel, the defendant, that the trial judge be misled to believe that he was a bona fide resident of Franklin County. If there was any testimony in the Bash divorce case to the effect that he had been a resident of Franklin County for 30 days immediately preceding the filing of the petition it is not established in the record in this case.

The same infirmity is found in the testimony of Robert W. Mehl, Jr. It appeared that in his divorce case he testified that he had lived at the address given in his petition but he did not state when he moved there, how long he had lived there, and did not relate his residence to any period of time immediately prior to the date of the filing of his petition. In both the Bash and Mehl counts, the essential evidence to establish the specific charges respecting the testimony as to residence of these parties was not forthcoming.

Sec. 11980 GC provides in part:

"Actions for divorce * * * shall be brought in the county of

which the plaintiff is and has been for at least thirty days immediately preceding the filing of the petition, a bona fide resident * * *."

Both of these requisites, namely, that the plaintiff (1) is and (2) has been for at least thirty days a bona fide resident relate to the time of the filing of the petition. The first requires that the plaintiff shall be a bona fide resident when the petition is filed and the second that he shall have been a bona fide resident for at least 30 days immediately preceding the filing of the petition. A mere statement that a party at the time of the hearing lived in the county where the action was brought, or that he had lived there for a certain length of time which could not be fixed as 30 days before the filing of the petition is not probative of the material requirements of the section as to residence essential to venue in a divorce action.

To constitute perjury in a trial the subject matter falsely testified to must be in respect to a matter material upon that trial. **Sec. 12842 GC. McCaffrey v. State of Ohio, 105 Oh St 508.** The State properly selected the language in the indictment which set forth the material matter which it claimed had been falsely sworn to but it failed to produce the proof to support the charges. The trial judge properly instructed the jury that it must find that Bash and Mehl "made or testified to the statements alleged" in the indictment.

The Court said in **McCaffrey v. State, 105 Oh St 510:**

"Under the constitutional provision and this statute, it is quite clear that there must be an averment of the false testimony McCaffrey gave upon the McCannon trial; that such testimony was in respect to a matter upon that trial."

It is likewise quite clear that the averment of the false testimony having been set forth the proof must conform to the charge. It requires no extensive citation of authority for the proposition that the State must prove every essential element of the offense charged. It was a requisite of proof that it appear that the testimony was given in the divorce cases, if not exactly, at least substantially, as set out in the indictment. If this was not sworn to the corpus delicti, i. e. the falsity of the matter assigned could not be established. **State v. Courtright, 66 Oh St 35.**

We do not ground our conclusion upon the proposition that the testimony of Bash and Mehl, as shown to have been given

in their divorce cases, could not have been the proper basis for a charge of perjury in any circumstances, in that it was not material to a matter to be proven in the trial, viz., their residence when the case was filed, but that it was not the basis of the perjury charged in the 10th and 14th counts of the indictment in this case.

The eighth assignment of error is:

"After the case was submitted to the jury and it had retired for deliberations it was later taken out to dinner by three officials properly sworn to perform their duty, but the court himself ate dinner with the jury at the same table and engaged in conversation with the jury, to the prejudice of the defendant-appellant."

Upon this assignment the record is as follows:

MR. HERBERT: "Could the record show this, Your Honor please, that after the Court had charged the jury and had submitted the case to the jury and the jury had retired for deliberation upon the case, that the court then * * * released the jury under the presence of two officials of the Court, * * *, to go to dinner, and that the Court joined them and sat at the table and ate dinner with the jury."

THE COURT: "The record may show that the jury was not released in the sense that you have used that word but the jury was in the charge of three officials of the Court, and in a body were conducted to a place where they had their evening meal and that the Court was also present watching the three officers who had charge of the jury."

MR. HERBERT: "And ate with the jury, is that correct, Your Honor?"

THE COURT: "And with the officers, yes."

It thus appears that after the submission of the case to the jury and after it had been placed in charge of officers of the Court but before it had entered upon its secret deliberations the trial Judge, the jurors and the officers ate together. Nothing more appearing, was this conduct on the part of the trial Judge prejudicial error? We believe not.

The mere statement of the facts is conclusive that the record affords no proof that anything was said or done by the Judge in the presence of the jury which would have a tendency to affect its verdict. If prejudice is to be found it must be determined by the mere fact that the Judge was with the jury, had opportunity to, and possibly talked to

them. In other words, that a presumption of prejudice arises when it appears that the trial Judge was with the jurors after the case has finally been submitted to them. There are several cases wherein it has been held that it was prejudicial for a trial judge to talk to a juror under certain conditions which arose after the submission of the case and while the jury had it under consideration.

It has been held in Ohio that the holding of conversations by the jury while in their room with persons on the street in regard to any subject of their deliberation, before their verdict is rendered is, in general, good cause for setting aside their verdict. **Farrer v. State, 2 Oh St 54.** The prejudice in this irregular conduct on the part of the jury is clear particularly because the conversation related to the subject matter which the jury had under consideration and upon which it was required to pass its judgment.

In **State v. Adams, 141 Oh St 423,** it was held that the violation by a court officer in charge of the jury of §13448-1 GC, in communicating with the jury except in inquiring as to whether it had reached a verdict raised a presumption of prejudice to the defendant. **Sec. 13448-1 GC** expressly provides that when a cause is finally submitted, the jurors must be kept together in a convenient place, under the charge of an officer, until they agree upon a verdict, or are discharged by the court. Such officer or officers shall not permit a communication to be made to them, nor make any himself, except to ask if they have agreed upon a verdict, unless by order of the court; * * *. It was appropriate that the court in State v. Adams should hold that a violation of this statute raised a presumption of prejudice but there is no like statutory prohibition relating to the trial judge.

It has been the policy of the law to require in the accord of "due process" to a defendant in a criminal case that the trial judge make no communication respecting the law of the case in its application to the facts in the absence of the defendant and his counsel. The case which is most nearly an exception to this rule is **Gandolfo v. The State, 11 Oh St 114.**

Here it must be noted that it is not suggested that anything was said to any juror respecting the facts or the law of the case. If the defendant had any reason to believe that he was prejudiced by the act of the trial judge he had the full right to take the affidavits or testimony of the jurors on the subject. As late as State v. Adams, supra, it was held that the rule that affidavits or testimony of jurors will not be received to impeach their verdict unless evidence aliunde of irregularity in the deliberations of the jury or in the re-

# 180

turn of a verdict is first shown, has no application where such irregularity is due to the misconduct of an officer of the court. See also **Emmert v. State, 127 Oh St 235.** The same rule would attend if the misconduct was on the part of the court itself

Actually, it does not appear that the Judge had any communication with the jurors and in that particular it may be distinguished from the several cases outside Ohio cited by the appellant: DuCate v. Brighton, (Wis.) 114 N. W. 108; Hurst v. Manufacturing Company, (Wis.) 107 N. W. 666; Kehrley v. Shaffer, 36 N. Y. Supp. 510; Crabtree v. Hagenbaugh, 23 Ill. 349. The one exception as to communication to the jury in the cited cases is Gibbons v. Van Alstyne, 9 N. Y. Supp. 156. Here, the trial judge entered the jury room after submission of the cause but it does not appear that any communication passed between him and the jury.

**Sec. 13449-5 GC** having application to criminal procedure provides that,

"No motion for a new trial shall be granted or verdict set aside, nor shall any judgment of conviction be reversed in any court * * * for any other cause whatsoever unless it shall affirmatively appear from the record that the accused was prejudiced thereby or was prevented from having a fair trial."

And in **McHugh v. The State, 42 Oh St 154,** it is said that a reviewing court regards the record as free from error until the contrary clearly appears. This section of the Code alone would preclude this Court holding that the action of the trial judge was prejudicial to the defendant.

Independent of statute, it is highly improbable that the trial Judge whose first concern is that the jury return a fair and impartial verdict, who has presided throughout the trial and controlled the deliberations with that purpose in mind and has charged the jury upon every separation that it should not discuss the case with any person nor permit anyone to discuss it in their presence in its absence from the courtroom, would violate in the slightest degree the obligation which he had enjoined upon the jurors.

Although the action of the trial Judge was unusual and, in so far as we know unprecedented, we are satisfied that it was not prejudicial to the cause of the defendant in any particular whatever.

The judgment of conviction and sentence of the defendant

on the 9th count of the indictment will be affirmed and will be reversed as to the convictions and sentences under counts Nos. 10 and 14 for failure of proof of the offenses charged in said counts and the cause will be remanded for further proceedings according to law.

MILLER, PJ, and WISEMAN, J, concur.

## ON APPLICATION FOR REHEARING

No. 4392.    Decided July 25, 1950.

By THE COURT.

Applications for rehearing have been filed in this cause by both parties. Such applications are not appropriate under our present rules of practice. However, we given some attention to the matters urged in the applications.

Appellee urges that the Court failed to give proper consideration to the probative effect of the divorce decrees in the Bash and Mehl divorce cases. Giving full force and effect to these decrees they do not reach the infirmity in the proof upon which we predicated our opinion. They are probative of the fact that at the time the decrees were entered Bash and Mehl were residents of Franklin County and inferentially that somebody testified under oath to these facts. However, such proof does not establish that either Bash or Mehl so testified. The direct evidence of the testimony which the indictments alleged they had given failed to support the specific charges in the respective counts of the indictment. The State charged that Bash and Mehl had testified specifically. The proof was not forthcoming.

If the only question presented was whether or not Bash and Mehl were actually bona fide residents of Franklin County when the decrees were granted there would be no doubt of the sufficiency of the proof that they were not such residents.

The testimony of Mr. Romanoff was confirmatory of this fact but it did not tend to prove that Bash or Mehl specifically testified under oath in their divorce cases.

In the application of the appellant it is urged that we improperly concluded that the presence of the judge with the jury was before it had entered upon its secret deliberations, whereas the truth was that the incident occurred after the jury had entered upon its deliberations. The distinction in the facts, if well made, in our judgment, does not require any conclusion other or different than we heretofore have reached. We predicated our conclusion that the conduct

of the trial judge did not justify a reversal, in the main, on the failure of the record to show that any prejudice had intervened to the rights of the appellant which showing was necessary to a reversal under the statute cited.

Both applications will be denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.