JOURNAL ENTRY AND OPINION
Defendant-appellant Elvira Mihalko appeals from her conviction for perjury. Appellant argues the trial court permitted improper evidence to be introduced at her trial and further argues her trial counsel was ineffective for his participation in the introduction of this evidence. After a review of the record, this court concludes appellant's arguments are unpersuasive; therefore, her conviction is affirmed.
Appellant's conviction stems from her testimony given during the trial of her neighbor, Christopher Malicki. Malicki had been charged with violation of R.C. 2909.04, Disrupting Public Services, for allegedly cutting the telephone line connected to appellant's home.
In order to present his case-in-chief during Malicki's trial, the prosecutor, Victor Rauser, called the following persons as witnesses: (1) appellant's husband, Timothy Mihalko; (2) appellant's friend and former employer, Randolph Risman; (3) appellant; and (4) a police officer who responded to appellant's home upon appellant's complaint.
The first three witnesses' testimony conveyed a similar version of the incident, viz., appellant and her husband had experienced problems with their neighbors, including Mr. Malicki; Risman arrived at the Mihalkos' house at approximately 11:00 p.m. on September 19, 1996; appellant's husband was watching television in the living room as appellant and Risman visited with each other in the kitchen; at approximately 1:00 a.m. in the morning, the Mihalkos' dogs began to bark; the Mihalkos and Risman heard noises on the driveway side of the house; when they peered out of a window, they observed Mr. Malicki standing in the driveway near the telephone "box" attached to the house; they saw Mr. Malicki holding a pair of wire cutters; the telephone cables were cut; and they then observed Mr. Malicki leave the premises. The police officer testified that when she arrived at the Mihalkos' house much later in the morning, the telephone lines were intact and appellant stated they already had been repaired by the telephone company.
The record reflects that upon the conclusion of the presentation of Rauser's case-in-chief, the trial judge overruled Malicki's motion for acquittal; however, before Malicki's defense counsel could present his first witness, Rauser notified the trial judge that two of the prosecution witnesses had "been less than forth-right"[1] in their testimony at trial.
The trial judge immediately held a hearing on the matter. Rauser and his supervisor in the prosecutor's office informed the judge that the two witnesses, Timothy Mihalko and Robert Risman, would be "pleading guilty to felony perjury charges by way of information" during the proceedings. The judge thereupon dismissed the case against Mr. Malicki, assured itself both witnesses were represented by counsel, then permitted the supervising prosecutor to cross-examine them. Prior to beginning the cross-examination of each witness, the supervising prosecutor noted each witness had agreed to "cooperate" in a potential prosecution of appellant.
Appellant's husband essentially stated that no one was in the house with him at the time of the alleged incident. He stated that he believed appellant was involved in a sexual relationship with Risman; that she threatened him in order to force him to testify against Malicki; and that, since a neighbor had seen Malicki with telephone cables, he succumbed to appellant's pressure and agreed to testify.
Risman essentially stated that Timothy Mihalko had requested him to testify that he had been at the Mihalko home on the night of the incident. Risman further stated that although he had neither been involved in the incident nor been at their home on the night of the incident, he felt "compelled" to agree to do so. Risman based his acquiescence upon his beliefs the Mihalkos actually had observed Malicki cutting their telephone cables and needed him to help "sway an appropriate verdict." Risman denied he had an inappropriate relationship with appellant.
Risman further testified that when he discovered Timothy Mihalko had "basically refuted" the original version of the incident, this development caused him to come forward to "tell the truth." He stated that when he informed appellant of his intention, she told him her husband was "trying to retaliate against her" for a slight.
Following the foregoing proceeding, both Timothy Mihalko and Risman entered separate pleas of guilty "by way of information" to a charge of perjury. Each agreed "to cooperate fully and testify truthfully in any subsequent proceedings" brought against appellant in exchange for a recommendation by the prosecutor's office that each receive a sentence involving "community controlled sanctions" rather than a prison term. The record reflects that after each plea was accepted, the penalty eventually imposed by the trial judge assigned to their cases was in accord with the prosecutor's recommendation.
Subsequently, appellant was indicted on one count of perjury, R.C. 2921.11. Appellant entered a plea of not guilty at her arraignment and retained counsel to represent her.
Appellant's case proceeded to a jury trial on September 10, 1997. At its outset, appellant's counsel agreed with the prosecutor to introduce into evidence as joint exhibits the transcripts of the Malicki trial and the plea hearings of Timothy Mihalko and Randolph Risman.
Thereafter, the state called as its first witness the trial judge who had presided over Malicki's trial. Over defense counsel's objection, the Malicki judge set forth the salient facts of that trial and of the subsequent recantation of their testimony by appellant's husband and Risman.
Next, the state called Det. John Sweeney, the police investigator assigned to the Malicki case. Through his testimony, appellant's written statement detailing the alleged cable-cutting by Malicki was introduced into evidence.
The state thereafter presented the testimony of Victor Rauser, the prosecutor of the case against Malicki. Finally, the state presented the testimony of Randolph Risman.
The jury subsequently returned a verdict of guilty. Following a presentence investigation and report and a psychological examination of appellant, the trial court sentenced appellant to a sanction of two years of "community control," with several conditions imposed.
Appellant has filed a timely appeal of her conviction and presents three assignments of error for review.
Appellant's first assignment of error states:
 THE APPELLANT'S RIGHT TO A FAIR TRIAL WAS DENIED BY THE TRIAL COURT'S DECISION TO PERMIT THE TESTIMONY FROM THE JUDGE WHO PRESIDED OVER THE PROCEEDING AT WHICH THE APPELLANT ALLEGEDLY PERJURED HERSELF.
Appellant argues the trial court erred in permitting the judge who presided over the Malicki trial to testify as a witness in her case. Appellant contends the testimony was unduly prejudicial pursuant to Evid.R. 403. This court disagrees.
Appellant was charged with violation of R.C. 2921.11, Perjury, which states in pertinent part as follows:
§ 2921.11 Perjury.
 (A) No person, in any official proceeding, shall knowingly make a false statement under oath or affirmation, or knowingly swear or affirm the truth of a false statement previously made when either statement is material.
 (B) A falsification is material, regardless of its admissibility in evidence, if it can affect the course or outcome of the proceeding.
It is no defense to a charge under this section that the offender mistakenly believed a falsification to be immaterial.
(Emphasis added.)
Thus, the materiality of the statement is an important element of the offense. See, e.g., State v. Robinette (1957), 2 O.O.2d 515. In this case, a review of the pertinent testimony reveals it was presented only in order to establish this element: theMalicki judge indicated that at the particular juncture of the trial when the recantation of the witnesses occurred, he was compelled to dismiss the case. This merely factual testimony previously has been permitted by this court and other appellate courts of this state. See, e.g., State v. Loesser (Oct. 19, 1995), Cuyahoga App. No. 66762, unreported; LaDow v. State
(1925), 23 Ohio App. 288; State v. Bishop (July 17, 1996), Summit App. No. 17638, unreported; State v. Garnow (Apr. 27, 1989), Marion App. No. 9-87-13, unreported; cf., Hirschberger v.Silverman (1992), 80 Ohio App.3d 532 (opinion testimony by previous judge not permitted); State v. Anderson (Nov. 23, 1994), Cuyahoga App. No. 66544, unreported (trial judge's comment as to what witness would have stated was harmless error)
Moreover, the Ohio Supreme Court has indicated presenting the testimony of a judge in order to establish an element of a criminal offense may jeopardize a defendant's right to a fair trial only when the presiding judge, himself, testifies in the trial he is presently conducting. McCaffrey v. State (1922),105 Ohio St. 508. Since this did not occur at appellant's trial, her reliance upon McCaffrey to support her argument does not avail her.
For the foregoing reasons, the trial court did not err in admitting the testimony. Accordingly, appellant's first assignment of error is overruled.
Appellant's second and third assignments of error are related; therefore, they are addressed together as follows:
 II. THE APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED BY COUNSEL'S FAILURE TO OBJECT TO THE TESTIMONY OF THE JUDGE WHO PRESIDED OVER THE PROCEEDING AT WHICH THE APPELLANT ALLEGEDLY PERJURED HERSELF.
 III. THE APPELLANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS DENIED BY COUNSEL'S FAILURE TO OBJECT TO THE INTRODUCTION INTO EVIDENCE OF THE ENTIRE TRANSCRIPT OF A PRIOR PROCEEDING WHICH CONTAINED HEARSAY STATEMENTS OF WITNESSES WHO CLAIMED THE APPELLANT HAD PERJURED HERSELF, AND THAT THEY HAD PERJURED THEMSELVES PURSUANT TO THE APPELLANT'S REQUESTS.
Appellant argues she was denied her right to the effective assistance of trial counsel due to counsel's failure to take more action in contesting the introduction of improper testimony. Appellant's argument is unpersuasive.
In Ohio, a properly licensed attorney is presumed competent.State v. Smith (1985), 17 Ohio St.3d 98. One claiming ineffective assistance of counsel bears the burden of demonstrating the following, viz., (1) there has been a substantial violation of an essential duty owed to her by counsel; and (2) she has been thereby prejudiced. State v. Lytle (1976), 48 Ohio St.2d 391; State v. Bradley (1989), 42 Ohio St.3d 136, citing Strickland v.Washington (1984), 466 U.S. 668; see, also, State v. Smith,supra. This court will not second-guess what could be considered to be a matter of trial strategy. Id. Moreover, the establishment of prejudice requires proof "that there exists a reasonable probability that were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra,
paragraph three of the syllabus.
The record of this case with regard to trial counsel's actions fails to demonstrate his performance fell below an objective standard of reasonableness. As previously stated, the admission of the Malicki judge's testimony was proper; therefore, counsel's failure to more strenuously object to its admission would have been futile.[2]
Furthermore, a review of the record reveals trial counsel's strategy was to attack the credibility of both appellant's husband and Robert Risman. The admission of the transcripts of the earlier proceeding, although they contained some hearsay statements, fit well with this strategy. The transcripts depict both appellant's husband and Risman as accomplished liars in theMalicki case.
Finally, the transcripts demonstrate some "coercion" to obtain the recantations in the supervising prosecutor's insistence that his office would recommend a lenient sentence in exchange for their active cooperation in a prosecution of appellant.
Thus, the transcripts were essential to his defense strategy. In view of the overwhelming evidence establishing appellant's guilt, this court cannot fault defense counsel's choice of strategic options. Moreover, a review of the record reveals defense counsel was both fully prepared and a capable and diligent advocate for his client.
Therefore, appellant can demonstrate neither that trial counsel's actions fell below an objective standard of reasonable representation nor that she was prejudiced by trial counsel's actions.
Accordingly appellant's second and third assignments of error also are overruled.
Appellant's conviction is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. P.J. and
LEO W SPELTZCY. J. CONCUR ________________ JUDGE KENNETH A. ROCCO
[1] Quotes indicate testimony gleaned from the record below.
[2] Contrary to the phraseology of appellant's second assignment of error, a review of the record indicates defense counsel did raise an objection to the judge's testimony.