HIRSCHBERGER, Appellant,

v.

SILVERMAN, Appellee.

[Cite as *Hirschberger v. Silverman* (1992), 80 Ohio App.3d 532.]

Court of Appeals of Ohio,
Lucas County.

No. L–91–206.

Decided June 5, 1992.

*Michael Hirschberger, pro se.*
*H. William Bamman,* for appellee.

HANDWORK, Presiding Judge.

This case is on appeal from the May 20, 1991 judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Nathan L. Silverman, and ordered defendant "dismissed with final judgment rendered in his favor." Appellant, Michael Hirschberger, asserts the following assignments of error:

"I. The trial court erred in granting the motion for summary judgment when genuine issues of material facts existed, and where expert opinions existed as to the negligence of the appellee.

"II. The trial court erred in granting the motion for summary judgment when genuine issues of material facts existed, and where an affidavit with exhibits existed as to the misrepresentation and breach of contract committed by the appellee.

"III. The trial court erred in granting the motion for summary judgment when appellee failed to establish the absence of any genuine issue of material fact.

"IV. The trial judge erred in denying appellant's motion for jury trial by relying on Civ.R. 38, when Civ.R. 39(B) is the only rule that controls such motion.

"V. The trial court erred and abused its discretion by quashing the subpoena for two judges where they were called upon to testify as to factual matters in a legal malpractice case."

Appellee represented appellant in connection with appellant's divorce. Appellant's complaint alleges that appellee committed legal malpractice in connection with appellant's divorce case. The complaint also alleges breach of contract and misrepresentation. Appellant asserts that the following actions of appellee give rise to these claims: (1) Appellee allowed the opposing counsel in the divorce action to insert an improper provision in the final judgment entry of divorce. This entry was that appellant's distribution was to be reduced to cover a debt on the joint 1986 income tax return. Appellant argues that this entry was contrary to the court's intention. (2) Appellee failed to request that appellant be reimbursed for his expenses to defend the divorce case. (3) Appellee failed to protect appellant's monies placed in an escrow account because appellee did not seek to have the money placed in an account bearing higher interest than a regular passbook account. Further, appellee failed to make the mortgage payments timely, causing late payment fees to be charged. Finally, appellee failed to timely close the account. (4) Appellee failed to advise appellant to stipulate to the grounds for divorce rather than litigate this issue. (5) Appellee grossly underestimated his legal

fees, which exceeded appellee's estimate. In addition, appellee failed to bill appellant monthly as agreed in the fee agreement. (6) Appellee exaggerated the time to complete certain assignments and also did unnecessary work. (7) Appellee represented his fee for the first meeting to be free, but later charged appellant. (8) Appellee failed to object to being prevented from seeing and responding to the pretrial brief of opposing counsel in the divorce action. (9) Appellee failed to file a motion for a new trial. (10) Appellee confused the trial court judge regarding the facts in the divorce case as shown by the fact that the judge divided the assets unequally when it stated that it was going to divide them equally. (11) Appellee failed to submit an accounting of the escrow account. (12) Appellee failed to negotiate a reasonable settlement. (13) Appellee recommended against appealing the final divorce entry.

Appellant filed notices disclosing that he planned to call the Honorable Melvin Resnick, Melvin Nusbaum, Marilyn Harrington, and D. Jordon as expert witnesses and appellee, appellant, the Honorable Robert Dorrell, Charles Faber, David Cohen, and appellee's secretary as lay witnesses. However, appellant's subpoenas of the Honorable Melvin Resnick and Robert Dorrell were quashed by the trial court. The court held that a judge cannot testify about his judgment, and public policy prohibits judges from testifying as to the standard of competency for attorneys regarding suits on which the judge has sat.

Appellee moved for summary judgment on the malpractice claim. Appellee argues that appellant could not prove its claim of negligence. Appellee submitted his own affidavit and that of an attorney specializing in domestic relation cases who reviewed the Hirschberger divorce file and concluded that appellee did not breach the standard of care for attorneys representing clients in such matters.

In response, appellant argued that summary judgment was inappropriate because there were material facts in dispute. Appellant also sought to have the affidavit of appellee's expert stricken because (1) the affidavit set forth insufficient facts, (2) the facts were disputed, and (3) the affidavit was not based on personal knowledge since this attorney only reviewed the file and was not present during the divorce proceedings. Appellant also argued that he had experts to testify on his behalf, but that an affidavit was not necessary to defeat the summary judgment motion because the determination of whether some of appellee's actions were negligent falls within the ordinary knowledge and experience of the trier of fact.

In response to the motion for summary judgment, appellant specified that appellee's negligent acts consisted of the following: (1) appellee negligently acted as escrow agent of appellant's funds; (2) appellee did not bill appellant

timely or reasonably; (3) appellee failed to follow appellant's and the court's instructions; (4) appellee charged appellant for the initial meeting, which was purported to be free; (5) appellee failed to comply with Civ.R. 37(C); and (6) appellee failed to correct obvious mistakes of fact in the domestic relations court's journal entry.

Appellant's affidavit sets forth further details of appellee's alleged negligent acts. Appellant attested that: (1) appellee underestimated his legal charges and failed to bill monthly as agreed in their written fee agreement; (2) appellee misrepresented that his fee for the initial interview would be free and collected a fee for this interview from the escrow account; (3) appellee negligently handled escrow funds because (a) he failed to follow appellant's request to (i) have bills timely paid to avoid late payment fees and (ii) invest the funds in an account bearing a higher interest rate; (b) failed to follow the court's orders to close the escrow account timely since the account was not closed until two years after the court's order; (c) appellee did not give an accounting for these funds; and (d) appellee withdrew funds for his services in excess of the amount authorized by the court; (4) appellee charged for services that were of a non-professional nature that non-lawyers in his office could have performed; (5) appellee exaggerated the time to complete some assignments, such as claiming that it took twenty-four minutes to send appellant a letter and twenty-four to forty-eight minutes to have a motion filed-stamped; (6) appellee failed to follow appellant's instructions to limit appellee's involvement with a deposition in Israel to a minimum and to allow appellant to take care of paying his Israeli attorneys himself because appellee handled the bills of Israeli attorneys and sent a letter to a deponent in Israel; (7) appellee charged appellant for discussing his case with others without appellant's authorization; (8) appellee charged appellant for sixty minutes to instruct his secretary to copy the complaint of opposing counsel and prepare a cross-complaint; he charged appellant for answering two identical complaints of divorce; he charged sixty minutes to prepare routine forms such as the election of minor child rather than using preprinted forms; he charged twenty-four minutes to instruct his secretary to send a copy of a pleading to appellant; and he charged for time spent going to court when he was handling business for more than one client; (9) appellee signed a journal entry obligating appellant to pay certain taxes which he was not supposed to pay alone according to a prior order of the court; (10) appellee failed to demand that appellant be reimbursed for expenses incurred in defending an issue denied by the opposition in a request for admissions; (11) appellee failed to advise appellant to stipulate to grounds for divorce; (12) appellee failed to correct specified mistakes of fact in the journal entry of divorce; and (13) appellee failed to object to opposing counsel's filing of a pretrial brief and another

document without notice to appellant, which were incorporated into the divorce journal entry.

The trial court granted summary judgment on the malpractice claim holding that appellant failed to present any evidence to support his claim.

■ In his first assignment of error, appellant argues that he did present the affidavit of an expert witness regarding appellee's failure to file a Civ.R. 37(C) motion. This "expert" is the decision of the court of appeals in the appeal from the divorce action.

We find that the court of appeals' decision which held a Civ.R. 37(C) motion had not been filed in the divorce action is not an expert's opinion as to whether the failure to file such a motion constitutes legal malpractice.

■ Alternatively, appellant argues that the court of appeals' decision is a transcript of evidence in the pending case and, therefore, may be considered by the trial court pursuant to Civ.R. 56(C). We disagree. The court of appeals' decision is not a transcript. In any event, this decision cannot be used as evidence of malpractice. Therefore, we find appellant's first assignment of error not well taken.

In his second assignment of error, appellant argues that it was not necessary for him to submit expert affidavits in order to defeat summary judgment because a trier of fact could employ its ordinary knowledge to determine whether or not the alleged acts constitute legal malpractice. Appellant argues that the following alleged acts of malpractice need not be proven by an expert: (1) appellee failed to avoid making late mortgage payments; (2) appellee charged for the initial interview which was supposed to be free; (3) appellee did not bill monthly as stated in their agreement; (4) appellee misrepresented the time he needed to complete assignments; and (5) appellee withdrew funds without authorization from the escrow account.

■ As a general rule, legal malpractice must be proven by expert testimony. However, an exception is made " 'in cases where the breach or lack thereof is so obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of lay [people]. * * *' " (Emphasis deleted.) *Bloom v. Dieckmann* (1983), 11 Ohio App.3d 202, 203, 11 OBR 298, 299, 464 N.E.2d 187, 188, citing Annotation (1982), 14 A.L.R.4th 170, 173. See, also, *McInnis v. Hyatt Legal Clinics* (1984), 10 Ohio St.3d 112, 10 OBR 437, 461 N.E.2d 1295.

■ Upon review of appellant's affidavit filed in response to the motion for summary judgment, we find that many of the alleged acts of malpractice require an expert's affidavit to defeat summary judgment. The remainder of the alleged acts of malpractice are not, as a matter of law, acts of malpractice.

Instead, we find that these actions relate to the breach of contract and fraud claims. Since appellant did not present any expert affidavits to rebut the motion for summary judgment, there is no genuine issue of any material fact, reasonable minds could only conclude that appellant could not prove that appellee committed legal malpractice, and appellee, is, therefore, entitled to judgment as a matter of law. Accordingly, appellant's second assignment of error is found not well taken.

In appellant's third assignment of error, he argues that the expert's affidavit submitted by appellee should have been stricken because the affidavit was not based on personal knowledge, it was based on hearsay information, it was biased, it stated no facts, and it made a legal conclusion.

Civ.R. 56(E) sets forth the requirements for summary-judgment affidavits. Such affidavits "shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.*

Upon a review of the challenged affidavit, we find that it was based upon personal knowledge. Although the expert was not involved with the divorce action, he personally reviewed the divorce file, the decision of the court of appeals, and appellee's affidavit. His opinion was based upon this information. We find that this affidavit was not based upon hearsay information. Appellee's file, the decision of the court of appeals, and appellee's affidavit are all admissible evidence in this case. The issue of whether or not the expert was biased goes to the weight of the evidence and not to its admissibility. An affidavit must state the facts admissible in evidence. This does not require that the affidavit set forth all of the facts alleged to constitute malpractice. Instead, an expert's opinion affidavit must set forth the fact of his opinion, as well as his qualifications which would make the opinion admissible. Finally, we find that the affidavit is based upon the facts of this case and not upon legal conclusions.

Wherefore, we find appellant's third assignment of error not well taken.

Appellant argues in his fourth assignment of error that the trial court erred when it denied his motion for trial by jury on the basis that a demand for a jury trial was not made pursuant to Civ.R. 38.

Because we have found that summary judgment was properly granted in this case, appellant's fourth assignment of error is rendered moot and therefore not well taken.

In his fifth assignment of error, appellant argues that the trial court erred when it quashed his subpoenas for the Honorables Melvin Resnick and Robert Dorrell. Appellant intended to have Judge Dorrell testify as to whether there

was a discrepancy between his final judgment and what he intended; whether his decision was affected by appellee's alleged negligence; and what the standard of care would be in this case. Appellant intended to have Judge Resnick testify that appellant suffered damages because of appellee's failure to file a Civ.R. 37(C) motion and also as to what the standard of care would be in this case.

In two Ohio cases, the prosecution called judges to testify in perjury actions. *McCaffrey v. State* (1922), 105 Ohio St. 508, 138 N.E. 61 and *LaDow v. State* (1925), 23 Ohio App. 288, 155 N.E. 502. In the *McCaffrey* case, it was the presiding judge who became a witness to testify that the defendant had testified in a prior action. The Ohio Supreme Court refused to reverse the defendant's conviction on the ground that the judge's testimony was unfairly prejudicial. The court held that such a practice should be avoided, especially in a criminal case, to guarantee a fair and impartial trial. *Id.*, 105 Ohio St. at 514, 138 N.E. at 63. However, the court found that defendant was not prejudiced in this case because the judge's testimony concerned merely preliminary facts which were not essential elements of the crime and such facts were undisputed and not contradicted by other testimony. *Id.* However, this case had been superseded by Evid.R. 605, which prohibits a judge from testifying in a case over which he is presiding.

In the *LaDow* case, a judge who presided over the case in which the perjury allegedly occurred, testified in the perjury action as to the matters to which the defendant testified in the prior case. The judge also testified as an expert on handwriting. The appellate court held that in both instances the judge's testimony was permissible. *LaDow v. State, supra.*

Canon 2 of the Code of Judicial Conduct is often used as a basis for excluding the testimony of a judge because it is unnecessary, prejudicial to one party, and could reflect adversely on the integrity or impartiality of the judiciary. *Joachim v. Chambers* (Tex.1991), 815 S.W.2d 234; and *Cornett v. Johnson* (Ind.App.1991), 571 N.E.2d 572.

■ We agree with those courts which have held that a judge cannot testify in a malpractice case that the court's decision in the underlying case would have been different absent the alleged act of malpractice. To do otherwise would impose a subjective standard into the determination of whether any damages resulted from the alleged malpractice rather than an objective standard. See *id.; Phillips v. Clancy* (1986), 152 Ariz. 415, 733 P.2d 300; and *Helmbrecht v. St. Paul Ins. Co.* (1985), 122 Wis.2d 94, 362 N.W.2d 118.

■ We also hold that since a court speaks only through its journal, a judge cannot testify as to the meaning or intent of his decision in a case or explain aspects of the decision further.

In the case before us, we hold that the trial court properly quashed the subpoenas of the judges. Appellant intended to ask Judge Dorrell how the court's decision in the domestic relations case was affected by appellee's alleged malpractice. Appellant sought to have Judge Resnick testify as to whether appellant suffered damages as a result of appellee's failure to file a Civ.R. 37(C) motion. These issues are improper for the judges to testify about because they require the judges to give subjective opinions as to whether appellant suffered damages as a result of the alleged malpractice.

In addition, appellant sought to question both judges about the standard of care required under the circumstances of this case. This is also an improper matter for these judges to testify about. Since these judges participated in the domestic relations case and its appeal, a jury could be misled into thinking that their opinions should be given greater weight than another expert unconnected to the case. In addition, appellant has failed to demonstrate that the testimony of these judges is necessary when there are others who could testify as to this issue. Because of the lack of necessity and the possibility of prejudice to appellee, we find that compelling these judges to testify could reflect adversely of the integrity of the judiciary.

Therefore, we find that the trial court properly quashed the subpoenas of these judges. Appellant's fifth assignment of error is found not well taken.

Having found that appellant was not prejudiced and prevented from having a fair trial, the judgment of the Lucas County Court of Common Pleas is affirmed. This case is remanded to the lower court for further proceedings not inconsistent with this decision. Pursuant to App.R. 24, appellant and appellee shall equally share the court costs incurred in connection with this appeal.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

ABOOD and SHERCK, JJ., concur.