HUBBART, Judge.
This is a petition for a writ of certiorari filed by Linda Singer Stein, an acting circuit judge in Dade County, who previously re-cused herself as the presiding judge in a pending landlord-tenant action. The petitioner seeks review of an order entered by a successor circuit judge in the action below (1) denying in part the petitioner’s motion to quash a subpoena which was served upon her by one of the parties in the action, and (2) requiring the petitioner to testify in court pursuant to the subpoena as to the meaning of a prior order entered in the cause by the petitioner. The central question presented for review is whether a recused trial judge may be subpoenaed by a party to testify as to the meaning of an order previously entered by the judge in a pending ease where the order otherwise appears unclear to the successor trial judge. We conclude that a *265 trial judge may not be compelled to give such testimony under these circumstances and grant the petition for a writ of certiorari.
I
The relevant facts in this case are undisputed. On July 15, 1993, the respondent Professional Center, S.A. filed an amended complaint against the co-respondent Maureen O’Brien in the Dade County Court seeking eviction and damages for breach of a lease agreement; the co-respondent filed an answer and counterclaim seeking damages for breach of the same lease agreement. On August 9, 1993, the parties entered into a written stipulation agreement which was subsequently approved by the court; the respondent takes the position that this stipulation settled the case.
A dispute then developed between the parties as to whether the co-respondent was abiding by the court-approved stipulation. The respondent filed various motions to enforce this stipulation, as well as other related motions, and the court entered various orders enforcing the stipulation under which the co-respondent was required to make certain rent payments into the registry of the court. Ultimately, on September 23, 1994, the petitioner, who was then the presiding judge in the case, entered a sua sponte order which (1) directed the co-respondent or her counsel to make certain disbursements to the trust account of the respondent’s counsel as apparently required by the prior court-approved stipulation and other court orders, and (2) scheduled a court hearing to determine whether the co-respondent had paid the required rent for November 1993, and one other related matter, and (3) vacated a prior court order setting the case for pre-trial conference and non-jury trial.
Shortly thereafter, the co-respondent filed a motion to disqualify the petitioner as the presiding judge in the case, together with a supporting affidavit, contending that the petitioner had made certain statements during a telephone conference hearing which led to the September 23 order, and that these statements allegedly caused the co-respondent to reasonably believe that she could not receive a fair trial in the cause. The petitioner granted the motion and recused herself in the case.
Both parties then filed motions which were scheduled for a hearing before the successor circuit judge in the case. The respondent filed a motion seeking enforcement of the court-approved stipulation, the entry of a final judgment and attorney’s fee award, and the issuance of a writ of possession; the corespondent, in turn, filed a motion for a rule to show cause, contending that respondent’s counsel was not entitled to make certain disbursements from his trust account which were paid pursuant to the petitioner’s September 23 order, as well as a response contending that there was no real settlement in the case. At that point, the respondent subpoenaed the petitioner to appear in court at the hearing on the above motions and to testify in support of its position that the import of the petitioner’s September 23 order was that the case had, in fact, been settled.
The petitioner then filed a motion to quash this subpoena, contending that a trial judge, as a matter of historical tradition, cannot be subpoenaed by a party to testify in court concerning the meaning of a prior ruling made by the judge in the case. The successor circuit judge heard argument on this motion and concluded that the September 23 order was unclear as to whether the case had been settled; accordingly, he entered an order which denied in part the motion to quash and directed the petitioner
“to appear in this cause to give testimony pursuant to the [sjubpoena that has been served upon her by the [respondent] for the purpose of giving testimony as to what the order entered by her on September 23, 199f meant; however, she shall not be required to testify as to any of her judicial reasoning resulting in the entry of said [o]rder.”
(emphasis added). The petitioner now files the instant petition for a writ of certiorari seeking to quash this order.
II
The law is well settled that a trial judge may not be compelled to testify in a cause concerning either (1) the meaning of an order previously entered by the judge in a *266 pending or closed case, or (2) the judge’s mental processes or reasoning in entering such an order. The underlying rationale for this rule is that the finality and integrity of judicial orders would be undermined if such orders could later be modified or supplemented by the oral testimony of the judge who entered it. The meaning of a judicial order must be ascertained from the language employed in the order itself, aided, when necessary, by appropriate rules of construction and the surrounding circumstances of the ease.[1]
In the action below, the petitioner circuit judge has been subpoenaed to testify concerning the meaning of an order which she previously entered in the cause. Clearly, such testimony is impermissible under the established law as it would enlarge upon, and thus modify or explain, the prior order beyond its actual terms. It is the duty of the presiding circuit judge to interpret the meaning of this order, not the petitioner.
We recognize that under the case law there are certain discrete occasions where a trial judge may be subpoenaed to testify as to certain relevant facts in a case, such as (1) a criminal defendant’s demeanor during trial when a subsequent issue arises in post-conviction proceedings as to the defendant’s mental competence to stand trial;[2] or (2) the terms of an oral settlement agreement made before the judge when that agreement was never memorialized on the record because the proceedings were not transcribed by a court reporter.[3] These cases, relied on by the respondent, have no application to this case because the petitioner is not being subpoenaed to give testimony as to certain relevant facts in the case; instead, the petitioner is being subpoenaed to give testimony as to the meaning of a prior order which she entered in the case, and, under the established case law, such testimony is impermissible.
For the above-stated reasons, the petition for a writ of certiorari is granted, the order under review is quashed, and the cause is remanded to the trial court for further proceedings.
Certiorari granted; order quashed; cause remanded.

.See, e.g., Fayerweather v. Ritch, 195 U.S. 276, 306-07, 25 S.Ct. 58, 67-68, 49 L.Ed. 193, 213-14 (1904); Gary W. v. State of La., Dep’t. of Health & Human Resources, 861 F.2d 1366 (5th Cir.1988); Washington v. Strickland, 693 F.2d 1243 (5th Cir.1982), rev'd on other grounds, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); United States v. Crouch, 566 F.2d 1311, 1316 (5th Cir. 1978); Morrison v. Kimmelman, 650 F.Supp. 801, 805-06 (D.N.J.1986); United States v. Cross, 516 F.Supp. 700 (M.D.Ga.1981), affd, 742 F.2d 1279 (11th Cir.1984); Standard Packaging Corp. v. Curwood, Inc., 365 F.Supp. 134 (N.D.I11.1973); Brown v. Brown, 497 P.2d 718 (Colo.Ct.App. 1972); Gold v. Warden, State Prison, 222 Conn. 312, 610 A.2d 1153, 1156-58 (1992); Emerickv. Emerick, 28 Conn.App. 794, 613 A.2d 1351, 1357, cert, denied, 224 Conn. 915, 617 A.2d 171 (1992); Hirschberger v. Silverman, 80 Ohio App.3d 532, 609 N.E.2d 1301, 1305-06 (1992).

. Gold v. Warden, State Prison, 222 Conn. 312, 610 A.2d 1153 (1992).

. Bolen v. Young, 8 Ohio App.3d 36, 455 N.E.2d 1316 (1982).