JOURNAL ENTRY AND OPINION
As part of a plea bargain, defendant Kenneth Taylor pleaded guilty to a fourth degree misdemeanor charge of disorderly conduct with persistence. The charge arose after defendant, while on visitation with his thirteen year-old son and seventeen year-old daughter, struck the son and daughter once each in the back of the head outside a movie theater and swore at them. The municipal court placed defendant on two years active probation, ordered him to attend a batterer's program, prohibited any contact with the daughter, and further ordered defendant to have no unsupervised visitation with the son.
Defendant filed a motion to partially vacate the sentence relating to supervised visitation with the son, claiming the municipal court lacked authority to modify a valid court of common pleas visitation order. The court denied the motion to partially vacate and defendant appealed in case number 75621.
The court then received a probation violation complaint alleging defendant had not been attending the batterer's program as ordered. After a hearing, the court found defendant to be probation violator and sentenced him to ten days in jail. The court upheld most of the prior probation terms, but also prohibited defendant from coming into contact with his daughter and ordered that any visitation with the son take place at the batterer's clinic. Defendant appealed this ruling in case number 75661. We consolidated both cases for purposes of appeal.
 I
The first assignment of error complains the court erred by denying defendant's motion to partially vacate his sentence for disorderly conduct because the court should not have ordered as a condition of probation that visitation with the son be supervised. Defendant maintains the court's order amounted to a modification of his visitation rights, and only the Lake County Court of Common Pleas, the court that issued the visitation order in the domestic relations matter, has jurisdiction to modify visitation. The city argues that defendant agreed to supervised visitation as part of the plea agreement, so he cannot be heard to complain.
The municipal courts are statutory creations and have only such jurisdiction as conferred upon them by statute. Hoerner v. Downs (1989), 63 Ohio App.3d 286, 288; Bretton Ridge Homeowners Club v.DeAngelis (1985), 22 Ohio App.3d 65, 67. The General Assembly has not conferred upon the municipal courts jurisdiction to rule on matters of visitation, instead granting that jurisdiction to the courts of common pleas. See R.C. 3109.04. The parties appear to agree that defendant had visitation with the son pursuant to a valid domestic relations court order issued by the Lake County Court of Common Pleas. Having established the existence of this order, the municipal court had no jurisdiction to enter any order that purported to modify defendant's court-ordered right to visitation. Cf. Rush v. Rush (Nov. 18, 1999), Cuyahoga App. No. 74832, unreported (Cuyahoga County Common Pleas Court could not find mother in contempt for complying with valid Lake County Court of Common Pleas visitation order).
The city does not contest this law, but claims defendant agreed to supervised visitation with the son as part of the plea bargain from the original charge of domestic violence to disorderly conduct with persistence. The record does not bear out this fact. The court's sentencing entry for the disorderly conduct charge simply indicates that a not guilty plea was withdrawn and defendant entered a no contest plea with a stipulation to a guilty finding. There is no mention of any plea negotiations contained in the court's journal.
The city points to the statement of proceedings which indicates the plea bargain was predicated upon the condition that defendant have only supervised visitation with the son. Unless the terms of a plea bargain are placed on the record, reviewing courts cannot accept later information as a means of demonstrating the terms that should have been placed on the record at the time of the bargain. Because the court speaks only through its journal, we can only determine the court's intent from what it actually stated in its order, not through subsequent attempts by the court to clarify its subjective motivations in entering the order. SeeHirschberger v. Silverman (1992), 80 Ohio App.3d 532, 540.
Second, even assuming defendant had agreed to supervised visitation, a party cannot agree to submit a court's subject matter jurisdiction when none exists. Certainly, defendant could bargain a plea by agreeing to certain conditions as part of his probation, but the court could not enforce those conditions if it lacked subject matter jurisdiction to do so. Moreover, defendant's alleged acquiescence to the supervised visitation cannot be considered binding, because the court's subject matter jurisdiction may be questioned at any time. See State ex rel.Lipinski v. Cuyahoga Cty. Court of Common Pleas, Probate Div.
(1995), 74 Ohio St.3d 19, 21-22. By challenging the court's probation order in a motion to vacate his sentence, defendant properly raised the subject matter jurisdiction of the municipal court. At that point, the municipal court should have vacated its order requiring supervised visitation as a condition of probation. Because the municipal court transcended the limits of its jurisdiction, its order limiting visitation as a part of defendant's probation must be considered void. The first assignment of error is sustained.
 II
The second and third assignments of error raise issues relating to defendant's probation violation hearing. Defendant first argues the court violated his right to due process of law by misleading him as to what constituted the alleged probation violation.
Before proceeding with the substance of this issue, we must first clarify some issues we see regarding the record on appeal. The record of the probation violation hearing consists of an App.R. 9 (D) agreed statement of the proceedings in lieu of a transcript. The court denominated the statement of proceedings as an App.R. 9 (D) statement, but this was incorrect. App.R. 9 (D) provides for an agreed statement by the parties before submission to the court for approval. The city submitted a statement of the proceedings, but defendant objected to certain parts of the statement because they contained facts that were not presented at the probation violation hearing. The court considered defendant's objections, upheld them, then curiously permitted them to be part of the statement because they provided "background" information. Obviously, defendant did not agree to the city's proposed statement of the evidence, a fact demonstrated by the court's need to rule on defendant's objections. Consequently, the statement of the evidence must fall under App.R. 9 (C) which orders the court to settle any disputes concerning the parties' attempts to create a statement of proceedings.
The distinction here is important because the court took the opportunity to include in the statement of proceedings additions to the record in order to present more fully the issues on appeal additions that have significant ramifications to this appeal. App.R. 9 (D) permits the court to do so, but App.R. 9 (C) has no such provision. A general rule of statutory construction is that "the expression of one thing implies the exclusion of another."Watkins v. Brown (1994), 97 Ohio App.3d 160, 166. Because the ability to add to the record specifically exists in App.R. 9 (D), but not in App.R. 9 (C). we conclude the court has no authority to add to the record when settling an App.R. 9 (C) statement of proceedings. This being the case, we must disregard those additions the court made in the App.R. 9 (C) statement.
 A
The facts properly before us show the complaint for a probation violation stated defendant violated the terms of probation which required him to attend the batterer's program and follow through with all treatment recommendations. At the probation violation hearing, the probation officer told the court she wished to amend her complaint because she discovered defendant had attended all sessions of the batterer's program. Instead, the probation officer wanted to state that defendant was in violation of probation because he did not return to the batterer's program after the "assessment session." The statement of proceedings, however, shows the probation officer did not tell defendant to return after the assessment session, either orally or in writing. A representative of the batterer's program confirmed that defendant attended the sessions and the assessment session. The representative said she discussed defendant's case with the probation officer and, after that call, contacted defendant and said she told him "to come back to the Batterer's Program and he said he would not." The representative admitted it was her decision to contact defendant and ask him to come back to the program.
The issue is whether the probation officer's request to amend the nature of the probation violation complaint at the hearing constituted a denial of due process because it did not afford defendant sufficient opportunity to prepare for hearing.
Among the due process rights held by offenders who face revocation of probation is the right to written notice of the claimed violation of probation. See Gagnon v. Scarpelli (1973),411 U.S. 778, 786-787. However, written notice of the claimed violation generally applies when a revocation petition alleges the commission of a new crime and the offense being charged is not evident from the condition of probation being violated. SeeUnited States v. Havier (C.A.9, 1998), 155 F.3d 1090, 1093.
Under the circumstances, the complaint for a probation violation was sufficiently broad that it encompassed the charge that defendant failed to follow through on treatment recommendations (although we shall see there is a separate issue whether those recommendations constitute an actual violation of the terms of probation). Defendant was well aware he had been asked to attend more batterer's program sessions. Defendant testified the representative from the batterer's program at first told him he need not continue with the program, but he subsequently received a telephone call from that representative who "told him he should come back into the program." Defendant advised the representative that he would not return and had been told that he need not return. Hence, even though the court amended the probation violation complaint, we find under the circumstances that the amendment was not sufficiently different in substance as to violate defendant's right to notice of the violation.
 B
The substance of the third assignment of error is the court erred by finding defendant a probation violator. Defendant claims the probation officer never ordered him to participate in additional sessions, so he could not have violated an order of probation.
In a probation revocation proceeding, the state need not produce evidence of guilt beyond a reasonable doubt. Instead, the state must present substantial proof that the defendant has violated the terms of probation. State v. Hylton (1991), 75 Ohio App.3d 778;State v. Hollis (May 15, 1997), Cuyahoga App. No. 70781, unreported.
As relevant to this appeal, the court's probation order required defendant to "report to the probation officer and follow all her recommendations including Templum Batterer's Program." In her probation violation complaint, the probation officer claimed defendant violated the order of probation, and characterized those conditions as "attend Templum Batterer's treatment program and follow through with all treatment recommendations." The probation officer's complaint is inaccurate because it alleges defendant was ordered to follow through on "all treatment recommendations." The probation order did not state this — it simply required defendant to attend the batterer's program and made no provision for treatment recommendations.
The statement of proceedings shows the probation officer incorrectly thought defendant had not completed treatment when, in fact, he had completed the program. The probation officer further admitted that she did not tell defendant he must return to the batterer's program. These admissions compel the conclusion that defendant could not have violated the terms of his probation, since he did everything the court ordered him to do.
It might be argued defendant violated probation because he ignored the probation officer's treatment recommendation to continue with the batterer's program, but this argument would be meritless. A probation officer would not be qualified to make "treatment" recommendations. Treatment recommendations must come from a professional having expertise within the field. The probation officer had no such qualifications.
In any event, that discussion assumes the probation officer communicated to defendant the treatment recommendation that he return to the program. This did not happen, for the probation officer admitted she did not tell defendant, either verbally or in writing, that he should return to the treatment program. The statement of proceedings shows the program representative said it was her decision "to contact the Defendant and ask him to come back to the program." The court's probation order put defendant under the obligation to follow treatment recommendations by the probation officer, not the representative.
For these reasons, we find the court lacked substantial evidence from which it could find defendant violated the terms of probation. The third assignment of error is sustained.
Judgment reversed.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J., CONCUR.
 LEO M. SPELLACY J., CONCURS IN JUDGMENT ONLY.
 ___________________________ JUDGE JOHN T. PATTON