JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Ruby Phillips appeals the judgment of the Cuyahoga County Common Pleas Court that directed a verdict in favor of appellee, Michael Courtney on her claim for legal malpractice. For the reasons that follow, we reverse and remand the trial court's decision.
 {¶ 2} The record reflects that appellant was employed as a bus driver for the Greater Cleveland Regional Transit Authority ("GCRTA") from October 1976 until March 1999. On March 7, 1999, she slipped and fell on ice in a church parking lot and sustained injury to her right ankle. She was unable to return to her duties as a bus driver at that time and applied for short-term disability shortly thereafter. From August 31, 1999 to October 31, 1999, she performed transition work as a booth attendant for GCRTA. When appellant did not return to her duties as a bus driver by November 5, 1999, GCRTA terminated her employment according to GCRTA policy.
In December 1999, appellant retained the services of appellee Michael Courtney for the purpose of pursuing disability retirement benefits from the Public Employees Retirement System ("PERS"). Although Courtney testified that he misplaced the initial application, a second application was prepared in March 2001, signed by appellant on March 23, 2001 and then forwarded to GCRTA for further processing. Courtney, who worked as an attorney for GCRTA for eight years before going into private practice, testified that it was his practice to complete the application and forward it to GCRTA because part of the application needed to be completed by GCRTA. In the past when Courtney forwarded an application for disability benefits to GCRTA for completion, GCRTA would do so and then forward the application to PERS in Columbus. Courtney testified that the statute governing application for PERS disability benefits authorizes the application to be filed by the employer, as was his practice, or directly to PERS, as long as the application is made within two years of the employee's termination date.
 {¶ 3} For whatever reason, PERS did not receive the application within the two-year time period. In a letter addressed to GCRTA and dated December 21, 2001, Courtney inquired about the application previously forwarded to GCRTA. In particular, the letter stated that Courtney forwarded "duly executed PERS applications" to GCRTA on May 1, 2001 but that his most recent contact with PERS reflected that no documentation had been completed by GCRTA and forwarded to PERS.
 {¶ 4} Appellant discharged Courtney in February 2002 and thereafter completed a separate application for disability benefits on February 8, 2002. As did Courtney, she forwarded the application to GCRTA for completion, who, in turn, forwarded the completed application to PERS. On April 11, 2002, nonetheless, PERS denied her application for benefits because it was not made within two years of her termination date.
 {¶ 5} Appellant thereafter brought the instant legal malpractice suit against Courtney, claiming that Courtney failed to adhere to the standard of care of an attorney when he failed to insure that the application for disability benefits was filed with PERS within the statutory two-year time period.[1] The case proceeded to trial before a jury. Although appellant presented the testimony of Courtney, among others, in her case-in-chief, appellant did not present any expert testimony on the issue of whether Courtney breached the standard of care.
 {¶ 6} Courtney moved for a directed verdict at the close of appellant's case, claiming that he was entitled to judgment in his favor as a matter of law because appellant failed to support her claim for legal malpractice with expert testimony on the issue of standard of care and breach of that standard. Appellant argued in opposition that expert testimony is unnecessary when "an alleged breach is so obvious that it can be determined from ordinary knowledge and experience by a layman."
 {¶ 7} Summarizing appellant's argument, the court stated:
 {¶ 8} "* * * You are trying to argue that [Courtney] is an expert against himself, which is not possible. You also argue that this is common knowledge. However, as I said yesterday, what concerns me about your position is there is clearly an intervening act here on behalf of [Courtney]. It's not a clear case of somebody who just entirely refused to file * * * this was [Courtney's] normal practice, and it was common for him to do it, is what he felt was appropriate.
 {¶ 9} "[Courtney] never admitted he committed malpractice. He never stipulated he admitted malpractice. When he refused to do it, or failed to do that, and make statements that it's his understanding that that was common practice for him, and acceptable, that raises the bar. * * *"
 {¶ 10} The court thereafter granted Courtney's motion for directed verdict, stating:
 {¶ 11} "The law requires production of a plaintiff's expert in order to provide the jury evidence as to what is knowledge, skill, and ability ordinarily possessed and exercised by a lawyer in a similar circumstance.
 {¶ 12} "There is nothing in stipulations, * * * [that] overcomes the need for the expert. [Courtney] on cross did not admit to the malpractice, raising the duty of plaintiff. He never testified that he breached his duty. * * *"
 {¶ 13} Appellant is now before this court and, in her sole assignment of error, contends that the trial court erred in directing a verdict in Courtney's favor on the basis that appellant lacked an expert witness in her legal malpractice claim against Courtney.
 {¶ 14} A directed verdict may be granted when, construing the evidence most strongly in favor of the non-moving party, the trial court determines reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to the non-moving party. Civ.R. 50(A)(4). A motion for directed verdict tests whether the evidence presented is legally sufficient to take the case to the jury. Wagner v. MidwesternIndemn. Co., 83 Ohio St.3d 287, 294, 1998-Ohio-111; see, also,Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69. When deciding whether to grant a directed verdict, the trial court must not weigh the evidence or determine the credibility of witnesses. Id. "This standard obviously presupposes that any questions of law have been previously resolved, and is concerned with questions of fact that are to be submitted to the jury."Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 435.
 {¶ 15} In order to establish a cause of action for legal malpractice based on negligent representation, a plaintiff must demonstrate that (1) the attorney owed a duty or obligation to the plaintiff; (2) there was a breach of that duty or obligation and that the attorney failed to conform to the standard required by law; and (3) there existed a causal connection between the conduct complained of and the resulting damage or loss. SeeVahila v. Hall (1997), 77 Ohio St.3d 421, syllabus. Expert testimony is ordinarily required to establish the breach of duty in a legal malpractice case, unless the breach is within the ordinary knowledge of lay people. McInnis v. Hyatt LegalClinics (1984), 10 Ohio St.3d 112, 113. If a plaintiff fails to introduce expert testimony when it is required, the defendant attorney is entitled to a directed verdict. See Martin v.Dadisman (Aug. 24, 2000), Cuyahoga App. No. 77030, 2000 Ohio App. Lexis 3843; see, also, Minick v. Callahan (1980), 24 Ohio Op.3d 104.
 {¶ 16} We cannot agree with the trial court that appellant's claim for legal malpractice required the support of expert testimony. Although Courtney testified that it was his practice to submit the application, to the extent that he completed it, to the employer for full completion, the record before us provides no documentation that he did so. To be sure, the December 21, 2001 letter Courtney sent to GCRTA states that he forwarded the application on May 1, 2001. There is no evidence, however, that he did so. Indeed, appellant signed the application on March 23, 2001, some six weeks before the May 1, 2001 date that Courtney claims he forwarded the application to GCRTA. Moreover, Courtney's own testimony indicates that he was unsure of the date that he forwarded the application to GCRTA, but knew "that it had been filed at least as of May 1, 2001." He testified that he always forwarded the applications to the employer because there were items on part of the application that were within the knowledge of the employer. Indeed, the application itself includes a "Report By Employer" section that appears to be capable of completion only by the employer. Be that as it may, Courtney did nothing between this time and his letter to GCRTA to insure that the application was timely filed with PERS.
 {¶ 17} It may be true that the statute governing PERS disability benefits permits filings directly to PERS by the employer, employee, or a representative of the employee, as long as the application is made within the two-year time period after termination of employment. The statute at issue, R.C. 145.35(C), provides that an "[a]pplication for a disability benefit may be made by a member, by a person acting in the member's behalf, or by the member's employer * * *." Unless the employee was physically or mentally incapacitated or incarcerated, the application "must be made within two years from the date the member's contributing service terminated * * *." Id.
 {¶ 18} This statutory provision, however, does not absolve an attorney from insuring that the application for disability benefits is filed within the two-year time period when an employee specifically retains the attorney for this express purpose. The issue then becomes whether an attorney's failure to insure that an application for disability benefits has been timely filed with PERS is within the factfinder's common knowledge or requires expert testimony when the employee/client sought the attorney's services expressly for that purpose.
 {¶ 19} Framed in this fashion, expert testimony would not be necessary because it would be within the common knowledge of the factfinder whether the attorney insured that the application was filed within two years of the employee's termination of employment. No specialized knowledge is necessary to make such a determination. There is no room for the exercise of professional judgment that would ordinarily require the assistance of expert testimony. Either the application was filed within two years or it was not.
 {¶ 20} Because expert testimony was unnecessary to establish whether Courtney breached the standard of care in appellant's legal malpractice claim, the trial court erred in directing a verdict in Courtney's favor.
 {¶ 21} Appellant's sole assignment of error is well taken and is sustained.
 {¶ 22} The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
It is ordered that appellant recover of appellee their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and Cooney, J., Concur
[1] Appellant's complaint also named the Law Offices of Rapoport, Spitz, Friedland Courtney as a defendant and included a claim for loss of consortium by her husband, Benjamin Phillips. Both the Law Offices and the loss of consortium claim were dismissed by appellant before trial.