TIM McCORMACK, J.:
{¶ 1} Plaintiff-appellant Kent's Excavating Services, Inc. ("Kent's Excavating") appeals the trial court's summary judgment in favor of defendant-appellee David M. Leneghan, Esq. in Kent's Excavating legal malpractice action against Leneghan, its former counsel. For the reasons that follow, we affirm.
{¶ 2} On May 21, 2015, Kent's Excavating filed a complaint against Leneghan, alleging that its former counsel committed legal malpractice in his representation of Kent's Excavating in relation to the filing of a mechanic's lien in 2008. In its complaint, Kent's Excavating specifically alleged that Leneghan was negligent when he failed to pursue actions to enforce the mechanic's lien, failed to pursue a claim for unjust enrichment, and failed to advise Kent's Excavating of the statute of limitations with respect to the mechanic's lien.
{¶ 3} On September 11, 2015, the court held a case management conference, at which time, the court set a trial date and ordered the plaintiff-appellant to file its expert report by February 29, 2016, and the defendant-appellee to file his expert report and any dispositive motions by May 6, 2016. Thereafter, the court granted Kent's Excavating additional time until March 7, 2016, in which to file its expert report.
{¶ 4} On May 6, 2016, Leneghan filed a motion for summary judgment. In support of his motion, Leneghan attached numerous exhibits, including portions of the transcripts of the deposition testimony of Kent's Excavating president, W. Kent Phillips. On June 1, 2016, Kent's Excavating filed an opposition to summary judgment. In support of its response, Kent's Excavating attached the affidavit of company president, Phillips, and the affidavit of Patrick Gallagher, an attorney who represented a different subcontractor who performed work on the same project as Kent's Excavating. Thereafter, Leneghan filed a reply.
{¶ 5} On July 5, 2016, Kent's Excavating filed its pretrial statement "pursuant to Local Rule 21," attaching a purported expert report. On July 7, the court granted summary judgment in favor of Leneghan, *82 finding that Leneghan did not breach any duty owed to Kent's Excavating, nor did he "commit negligent conduct that proximately caused any damages." The trial court therefore found no genuine issue as to any material fact and Leneghan was entitled to judgment as a matter of law.
{¶ 6} Kent's Excavating now appeals from this judgment, raising as its sole assignment of error that the trial court improperly granted summary judgment in favor of Leneghan.
{¶ 7} Summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Civ.R. 56(C) ; Temple v. Wean United, Inc. , 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).
{¶ 8} In a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. Dresher v. Burt , 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). Once a moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the moving party's pleadings; rather, it has a reciprocal burden of setting forth specific facts demonstrating that there is a genuine triable issue. Id. ; State ex rel. Zimmerman v. Tompkins , 75 Ohio St.3d 447, 449, 663 N.E.2d 639 (1996). The nonmoving party must set forth these specific facts "by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists." Komorowski v. John P. Hildebrand Co., L.P.A. , 8th Dist. Cuyahoga No. 101500, 2015-Ohio-1295, 2015 WL 1514396, ¶ 9.
{¶ 9} The nonmoving party cannot avoid summary judgment "by merely submitting a self-serving affidavit that simply contradicts the evidence offered by the moving party." FIA Card Servs., N.A. v. Pfundstein , 8th Dist. Cuyahoga No. 101808, 2015-Ohio-2514, 2015 WL 3899184, ¶ 11. "Permitting a nonmoving party to avoid summary judgment by asserting nothing more than 'bald contradictions of the evidence offered by the moving party' would render the summary judgment exercise meaningless." Id. , quoting Greaney v. Ohio Turnpike Comm. , 11th Dist. Portage No. 2005-P-0012, 2005-Ohio-5284, 2005 WL 2416659, ¶ 16.
{¶ 10} Civ.R. 56(C) provides an exclusive list of materials that a trial court may consider when deciding a motion for summary judgment:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule.
{¶ 11} Courts have consistently held that " 'if an exhibit or item of evidence does not fall within one of the cited categories of permissible materials, it can only be viewed when it has been incorporated by reference into an affidavit which satisfies Civ.R. 56(E).' " Smith v. Gold-Kaplan , 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, 2014 WL 1327890, ¶ 14, quoting McGhan v. Vettel , 11th Dist. Ashtabula No. 2008-A-0036, 2008-Ohio-6063, 2008 WL 4964665, ¶ 23, citing Skidmore & Assocs. Co., L.P.A. v. Southerland , 89 Ohio App.3d 177, 623 N.E.2d 1259 (9th Dist.1993).
{¶ 12} Concerning affidavits filed in relation to summary judgment, Civ.R. 56(E) provides that
*83 [s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.
{¶ 13} In that regard, documents submitted in opposition to a motion for summary judgment " 'must be properly 'sworn, certified or authenticated by affidavit' or they may not be considered in determining whether there is a triable issue of fact.' " Gold-Kaplan at ¶ 16, quoting Burkhart v. H.J. Heintz Co. , 2013-Ohio-723, 989 N.E.2d 128, ¶ 12, quoting Green v. B.F. Goodrich Co. , 85 Ohio App.3d 223, 228, 619 N.E.2d 497 (9th Dist.1993) ; see also Gabriel v. Ohio State Univ. Med. Ctr. , 10th Dist. Franklin No. 14AP-870, 2015-Ohio-2661, 2015 WL 3963953, ¶ 23. Where documents, such as expert reports, have not been so sworn, certified, or authenticated, in accordance with Civ.R. 56, they have no evidentiary value and cannot be considered by the court. Gold-Kaplan ; Wolk v. Paino , 8th Dist. Cuyahoga No. 94850, 2011-Ohio-1065, 2011 WL 827234 ; Heard v. Aultman Hosp. , 5th Dist. Stark No. 2015CA00141, 2016-Ohio-1076, 2016 WL 1051631 ; Gabriel . A court therefore abuses its discretion when it considers evidence that has been improperly submitted in opposition to a motion for summary judgment. Wolk at ¶ 33.
{¶ 14} We review the trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). In reviewing the granting of summary judgment, this court must follow the standards outlined in Civ.R. 56(C). Connell v. Goodyear Tire & Rubber Co. , 8th Dist. Cuyahoga Nos. 92833 and 92923, 2010-Ohio-4344, 2010 WL 3584439, ¶ 21.
{¶ 15} Kent's Excavating claims that Leneghan committed legal malpractice in relation to the filing of a mechanic's lien. In order to establish a cause of action for legal malpractice, a plaintiff must demonstrate (1) an attorney-client relationship; (2) a professional duty arising from that relationship; (3) a breach of that duty, (4) proximate cause, and (5) damages proximately caused by the breach. Shoemaker v. Gindlesberger , 118 Ohio St.3d 226, 2008-Ohio-2012, 887 N.E.2d 1167, ¶ 8, citing Vahila v. Hall , 77 Ohio St.3d 421, 427, 674 N.E.2d 1164 (1997). The failure to establish any one element is fatal to the claim. Andolsek v. Burke , 8th Dist. Cuyahoga No. 100701, 2014-Ohio-3501, 2014 WL 3954015, ¶ 20.
{¶ 16} Generally, in order to survive summary judgment in a claim of legal malpractice, the plaintiff must provide expert testimony in order to demonstrate the breach of an attorney's standard of care. C&K Indus. Servs. v. McIntyre, Kahn & Kruse Co., L.P.A. , 2012-Ohio-5177, 984 N.E.2d 45, ¶ 34 (8th Dist.), citing McInnis v. Hyatt Legal Clinics , 10 Ohio St.3d 112, 113, 461 N.E.2d 1295 (1984). "Expert testimony is required so that the trier of fact does not have to speculate on the standard of care, particularly in [complex cases] which are normally not within the realm of understanding of the layman." Northwestern Life Ins. Co. v. Rogers , 61 Ohio App.3d 506, 512, 573 N.E.2d 159 (10th Dist.1989). The failure of the plaintiff to provide expert support for his or her legal malpractice claims is likewise fatal to the claim. Rice v. Johnson , 8th Dist. Cuyahoga No. 63648, 1993 WL 328733 (Aug. 26, 1993).
{¶ 17} An exception to this requirement is when "the claimed breach of professional duty is well within the common *84 understanding of the laymen on the jury." McInnis at 113, 461 N.E.2d 1295. Where the claimed errors are "so simple and obvious," expert testimony is not required to demonstrate the breach of the attorney's standard of care. Hirschberger v. Silverman , 80 Ohio App.3d 532, 538, 609 N.E.2d 1301 (6th Dist.1992) ; Cross-Cireddu v. Rossi , 8th Dist. Cuyahoga No. 77268, 2000 WL 1738354 (Nov. 22, 2000).
{¶ 18} The record in this case shows that Kent's Excavating entered into a subcontract with Designwise Construction Co., Inc. ("Designwise") to supply labor and materials to Designwise for the construction of a commercial building for Sean & Co. for real property in Munroe Falls, Ohio. Kent's Excavating states that it fully performed the contract to supply labor and materials in a workmanlike manner to Designwise, yet neither Designwise nor Sean & Co. paid Kent's Excavating for the labor and materials supplied. Kent's Excavating therefore engaged Leneghan to "prepare and record" a mechanic's lien upon the real property of Sean & Co. In 2008, Leneghan did, in fact, file a mechanic's lien on behalf of Kent's Excavating. The appellant stated that when the lien lapsed in 2014, after having taken no action to enforce the lien within the six years of the lien filing date, Kent's Excavating could no longer enforce the lien or seek recovery from Designwise or Sean & Co. Kent's Excavating then filed a complaint against Leneghan, claiming that Leneghan had a duty to either take action on the mechanic's lien or advise Kent's Excavating of the applicable statute of limitations, and consequences thereof, for taking such action.
{¶ 19} In his motion for summary judgment, Leneghan denied that he breached a duty of care to Kent's Excavating. Leneghan further stated that Kent's Excavating's claim fails for the following reasons: the company rejected Leneghan's timely advice to pursue litigation against the property owner; Kent's Excavating cannot maintain an action in unjust enrichment because it cannot show that the general contractor is unable to pursue the owner for the money the subcontractor is seeking; Kent's Excavating failed to pursue the contractor in privity; it does not have an economically viable mechanic's lien; the company is barred from recovery based upon executed waivers and releases; and Kent's Excavating cannot establish proximate cause, because Kent's work was performed in an unworkmanlike manner and caused the owner damages that were proven in a trial.
{¶ 20} On appeal, Kent's Excavating alleges that Leneghan had a duty to take action on the mechanic's lien or to inform his client of the applicable statute of limitations regarding taking such action. The appellant asserts that its evidentiary materials submitted in opposition to Leneghan's motion for summary judgment create a genuine issue of material fact regarding whether Leneghan breached that duty. Kent's Excavating contends that it also provided an expert report supporting its position. In the alternative, it claims that expert testimony is not necessary to show that Leneghan breached a duty owed to Kent's Excavating by not acting within the statute of limitations period, citing Phillips v. Courtney , 8th Dist. Cuyahoga No. 84232, 2004-Ohio-6015, 2004 WL 2578864.
{¶ 21} In Phillips , this court determined that expert testimony was not required because it was within the common knowledge of the jurors whether an attorney insured that an application for disability benefits was filed within the two years of the client's termination of employment. Id. In finding expert testimony unnecessary, we stated that "[e]ither the application was filed within the two years or it was not." Id. at ¶ 19.
*85 {¶ 22} Contrary to the appellant's assertion, however, the issue in this case is not simply a matter of whether the attorney acted within the six-year statute of limitations for a mechanic's lien. Rather, there are many factors that relate to when and under what circumstances liens can expire or be terminated. Moreover, a claim that an attorney failed to file certain documents or take what is deemed to be appropriate legal action is not generally within the ordinary knowledge and experience of the lay person. See Compston v. Holzapfel , 12th Dist. Clermont No. CA90-08-079, 1991 WL 129798 (July 15, 1991) ; see also Northwestern Life Ins. Co. , 61 Ohio App.3d 506, 573 N.E.2d 159 (finding expert testimony necessary to support allegations that an attorney's noncompliance with the Code of Professional Responsibility proximately caused the client's damages due to "the nature and complexity" of the Code and "the conduct of legal matters"). Due to the complex nature of a mechanic's lien, we find that the question of whether Leneghan breached a professional duty of care as it relates to pursuing his client's rights to foreclose on a lien in this case requires expert testimony.
{¶ 23} Here, Kent's Excavating contends that it provided the expert report of Thomas C. Loepp, Esq. in support of its legal malpractice claim. This purported expert report was attached to Kent's Excavating's pretrial statement and filed with the court. The report, however, was not properly authenticated by affidavit as required by Civ.R. 56. Merely attaching the report to a pretrial statement, without a proper affidavit, "does not meet the evidentiary requirements of Civ.R. 56(C) and (E)." Wolk , 8th Dist. Cuyahoga No. 94850, 2011-Ohio-1065, 2011 WL 827234, at ¶ 34. Therefore, it would have been improper for the trial court to consider the attached report, and we cannot now consider the report on appeal. Gold-Kaplan , 8th Dist. Cuyahoga No. 100015, 2014-Ohio-1424, 2014 WL 1327890, at ¶ 16.
{¶ 24} Without the requisite expert report, Kent's Excavating is unable to produce any evidence to demonstrate the applicable standard of care, a breach of that standard, and how that breach proximately caused its damages. Kent's Excavating has therefore failed to satisfy its reciprocal burden of presenting evidence to demonstrate that a genuine issue of material fact exists. Kinasz v. Diplomat Healthcare , 8th Dist. Cuyahoga No. 103758, 2016-Ohio-2949, 2016 WL 2757923, ¶ 22.
{¶ 25} Accordingly, we find on this record that the trial court did not err in granting summary judgment in favor of Leneghan. There are no genuine issues of material fact that remain to be litigated, and Leneghan is entitled to summary judgment as a matter of law.
{¶ 26} Kent's Excavating's sole assignment of error is overruled.
{¶ 27} Judgment affirmed.
EILEEN A. GALLAGHER, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR